## COMMONWEALTH vs. ANTHONY L. MANNI.

Suffolk.  November 5, 1986. — December 8, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Search and Seizure,* Forcible entry by police, Warrant.

A criminal defendant was entitled to suppression of the evidence seized pursuant to a "no knock" search of his premises, where, in deciding to enter the premises without announcing himself beforehand, the officer in charge of executing the warrant relied on facts that had been known to the officer who sought the search warrant and which that officer could have been presented to the issuing magistrate in order to obtain a "no knock" provision in the warrant. [742-743]

INDICTMENTS found and returned in the Superior Court Department on March 28, 1984.

The cases were tried before *John T. Ronan,* J.

The Supreme Judicial Court on its own initiative transferred the case from Appeals Court.

*Mary Ann Driscoll* for the defendant.

*Daniel P. Napolitano,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant, convicted on an indictment charging possession of cocaine with intent to distribute and on three indictments charging distribution of cocaine, appeals, raising an issue that relates solely to his conviction for possession of cocaine with intent to distribute. He claims that the evidence which led to this conviction was obtained pursuant to an unlawful search and that his motion to suppress evidence seized in carrying out that search should have been allowed. We agree with that argument and reverse his conviction on that one indictment.[1]

---

[1] The defendant briefly contends that the convictions on the other three indictments should also be reversed and a new trial granted because he was

This appeal involves the application of established common law principles concerning the entry by police into premises, pursuant to a search warrant, without first knocking and announcing their identity and purpose. See *Commonwealth* v. *Scalise,* 387 Mass. 413, 417-418 (1982); *Commonwealth* v. *Cundriff,* 382 Mass. 137, 140-147 (1980), cert. denied, 451 U.S. 973 (1981). Cf. *Commonwealth* v. *Demogenes,* 14 Mass. App. Ct. 577, 583 (1982). It is agreed that the search warrant did not authorize an entry without the person executing the warrant first knocking and announcing himself.

The evidence would not support a finding that the officer in charge of executing the warrant knocked and announced himself before he entered the defendant's premises. The officer, who was the only witness at the hearing on the motion to suppress, testified that he went to the side door of the premises, tried the doorknob, and found the door to be unlocked. Through glass panes in the door, he could see the defendant seated at a desk. He rapped on the door with his right hand and simultaneously opened it with his left hand. He announced that he was a police officer "as soon as [he] got in the room." He explained that he did not announce his presence until he had entered the room because he was concerned that the defendant was armed. His concern for his safety stemmed from conversations he had had with the former undercover agent, a State police trooper, who signed the affidavit in support of the search warrant.

The facts on which the executing officer relied in not announcing himself before entering the premises were known to the officer who sought the search warrant at the time he obtained the warrant. A "no-knock" provision in the warrant could have been properly obtained based on the information known to the

---

prejudiced by the introduction of the unlawfully seized contraband. No prejudice warranting reversal is shown in the defendant's brief or in the record. Since the sentence on the possession charge, which we here vacate, was concurrent with other sentences, the reversal of this one conviction may not significantly benefit the defendant. On the other hand, perhaps what we say will affect a Federal charge arising out of the seizure of other contraband pursuant to the same search.

police at the time they obtained the warrant. *Commonwealth v. Scalise,* 387 Mass. 413, 420-421 (1982).

The Commonwealth has not shown that any exigent circumstances, supportive of a "no knock" entry, developed after the search warrant was issued. *Id.* at 422 n.8. The discovery of panes of glass in the door, through which the police officer could see the defendant seated at a desk, tended to mitigate, rather than increase, any need for the police to enter without announcing themselves.

The defendant's conviction on indictment No. 47457 is vacated; the order denying the motion to suppress the evidence seized pursuant to the "no knock" search is vacated; an order shall be entered allowing the motion to suppress the evidence so seized; and the case is remanded to the Superior Court for further proceedings. The judgments on the other three indictments (Nos. 47466-47468) are affirmed.

*So ordered.*