## COMMONWEALTH vs. JOAQUIN G. SEPULVEDA.

Suffolk. September 12, 1989. - December 5, 1989.

Present: Liacos, C.J., Nolan, Lynch, O'Connor, & Greaney, JJ.

*Search and Seizure*, Consensual entry by police. *Constitutional Law*, Search and seizure.

A judge erred in allowing a criminal defendant's motion to suppress evidence on the ground that a warrant authorizing a search of the defendant's apartment had been executed unlawfully in that the police failed to announce their identity and purpose before entering the apartment, where there was adequate evidence in the record to support a finding that the police entry into the apartment was by consent of the defendant, and where it made no difference that the defendant's consent to the entry was obtained by a ruse. [181-183]

INDICTMENT found and returned in the Superior Court Department on August 24, 1988.

A motion to suppress was heard by *John Paul Sullivan*, J.

The Commonwealth's application for an interlocutory appeal, filed in the Supreme Judicial Court for the county of Suffolk, was allowed by *Abrams*, J., and the appeal was reported by her.

*R. Michael Cassidy*, Assistant Attorney General, for the Commonwealth.

*Thomas Kerner* for the defendant.

O'CONNOR, J. This is the Commonwealth's interlocutory appeal from the allowance by a Superior Court judge of the defendant's motion to suppress evidence that the Massachusetts State police had obtained as a result of searching the defendant's apartment. The judge granted the motion on the ground that the warrant authorizing the search had been executed unlawfully in that the police failed to announce their

identity and purpose before entering the apartment. The warrant did not authorize entry without announcement.

The judge made the following findings relative to the execution of the search warrant. State Trooper Dennis L. Brooks first approached the defendant's apartment in an undercover capacity. After knocking, he was admitted to the apartment by the defendant, who had previously sold him cocaine. Brooks and the defendant negotiated a price for a new sale of cocaine and then Brooks left the apartment, ostensibly to obtain purchase money from his automobile. Brooks returned to the apartment, accompanied by other officers, and again he knocked on the door. After the second knock, the defendant opened the door wide enough for Brooks to step inside. Brooks took two steps into the apartment, leaned against the door and the defendant, and announced his identity as a State trooper. The other officers then followed Brooks inside. The judge found that "[i]t is clear . . . that the officer first knocked and was admitted consensually by the defendant."

The defendant was arrested on the basis of the evidence seized during the search, and he was indicted for trafficking in cocaine in excess of 200 grams in violation of G. L. c. 94C, § 32E (b) (4) (1988 ed.). The defendant subsequently filed his motion to suppress, arguing that the police had violated the terms of the search warrant by crossing the threshold of his apartment before announcing their purpose and identity. The judge granted the defendant's motion. We reverse that ruling.

The Commonwealth's knock and announce rule is a common law rule. A knock and announce rule is not constitutionally required. *Commonwealth* v. *Scalise*, 387 Mass. 413, 420 (1982). *Commonwealth* v. *Cundriff*, 382 Mass. 137, 139-140, 146 (1980), cert. denied, 451 U.S. 973 (1981). The defendant does not contend otherwise. Historically, only forcible entries implicated the knock and announce requirement. For a full discussion of the long history of the rule dating back to the English common law, see *Commonwealth* v. *Cundriff*, *supra* at 140-147. It is not surprising, then, that statutes in

other jurisdictions dealing with the issue either explicitly require knock-and-announce only as a prerequisite to forcible entries, see, e.g., 18 U.S.C. § 3109 (1982); Cal. Penal Code § 1531 (Deering 1982); Iowa Code § 808.6 (1988); Nev. Rev. Stat. § 179.055 (1987); or have been judicially interpreted that way. See, e.g., *State* v. *Williamson*, 42 Wash. App. 208, 211, 212 (1985); *State* v. *Clarke*, 387 So. 2d 980, 981 (Fla. Dist. Ct. App. 1980); *Commonwealth* v. *Morgan*, 517 Pa. 93, 96 (1987) (interpreting rule of criminal procedure).

The reason for the knock and announce rule is the desirability of "decreasing the potential for violence [initiated by residents in response to a sudden and unexpected invasion of their premises, provoking further retaliatory violence by the police], protection of privacy, and the prevention of unnecessary damage to homes." *Commonwealth* v. *Cundriff, supra* at 146. A peaceful entry, even though obtained by a nonthreatening ruse, as here, does not raise those concerns. Therefore, with respect to such entries, the reason for the knock and announce rule does not exist. It logically follows, then, that the rule should not apply in such circumstances.

In concluding that suppression was required, the judge appears to have relied on *Commonwealth* v. *Manni*, 398 Mass. 741 (1986), as does the defendant on appeal. *Manni* is not controlling. *Manni* involved a nonconsensual search in which the police relied, inappropriately we held, on exigent circumstances as excusing announcement before entry. The critical distinction between that case and this one is that here the judge found on adequate evidence that the police entry into the apartment was consensual.

It makes no difference that the defendant's consent to police entry was obtained by a ruse. This view is supported by cases in other jurisdictions. See, e.g., *United States* v. *Raines*, 536 F.2d 796 (8th Cir.), cert. denied, 429 U.S. 925 (1976); *State* v. *Williamson, supra* at 211. The point is that there is no more, and perhaps less, potential for violence and invasion of privacy following a consensual entry than there would be following an announced entry, even though the con-

sent was obtained by trickery. Obviously, too, entry by consent does not give rise to property damage.

On two occasions Trooper Brooks was lawfully inside the defendant's home under pretense. On the first occasion, he purchased cocaine. At that point, inside the apartment, Brooks could have revealed his identity as a police officer, arrested the defendant, and conducted a search incident to the arrest, at the very least confiscating the drugs that were the subject of the sale and in plain view. Yet, had Brooks instead chosen to proceed to the defendant's home with a search warrant, and were we to require him to knock and announce rather than to allow him simply to enter with the defendant's consent, our rule would discourage officers from proceeding pursuant to warrants, a result that would be undesirable.

For the reasons we have expressed, we hold that the common law of Massachusetts does not require officers to announce their identity and purpose before executing a search warrant at a residence to which they have access by consent of the resident. The order suppressing the evidence seized from the defendant's apartment is reversed.

*So ordered.*