COMMONWEALTH *vs.* CHARLES GONDOLA
(and three companion cases[1]).

No. 89-P-813.

Middlesex. January 12, 1990. - February 22, 1990.

Present: FINE, CUTTER, & JACOBS, JJ.

*Search and Seizure,* Forcible entry by police, Warrant.

The judge in a criminal proceeding properly applied the exclusionary rule, as enunciated by the Supreme Court of the United States, to suppress drugs and drug paraphernalia obtained by police officers who entered the defendants' apartment in violation of the common law "knock and announce" rule where, in deciding to enter after knocking on the unlocked apartment door and receiving no response, one officer was several feet inside the apartment and, according to his testimony, "walking briskly" when the two officers, both in plain clothes, first announced their identity. [288-290]

There was no merit to a contention by the Commonwealth in a criminal case that full compliance with the common law "knock and announce" rule prior to police officers entering the defendants' apartment would have amounted to a "useless gesture" where, since the case was not one in which the police officers could reasonably have believed that the occupants were aware of their identity and purpose, the defendants' failure to respond to the knocks, by itself, was not sufficient to establish the futility of making a verbal announcement. [290-291]

INDICTMENTS found and returned in the Superior Court Department on January 28, 1988.

A motion to suppress evidence was heard by *Hiller B. Zobel,* J.

An application for an interlocutory appeal was allowed by *Joseph R. Nolan,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court.

---

[1]One against Charles Gondola and two against Loretta Gondola.

*Richard Birke,* Assistant District Attorney, for the Commonwealth.

*John C. McBride* for Charles Gondola.

*Robert J. Wheeler, Jr.,* for Loretta Gondola.

FINE, J. A Superior Court judge allowed the defendants' motion to suppress drugs and drug paraphernalia found in their apartment in Somerville during a search authorized by a warrant secured upon a showing of probable cause. The warrant authorized the officers to conduct the search during the nighttime and without knocking and announcing their identity and purpose before entering. The Commonwealth concedes: (1) that there was no basis for the magistrate to dispense with the requirement of knocking and announcing; (2) that threshold reappraisal at the scene, see *Commonwealth* v. *Scalise,* 387 Mass. 413, 421 (1982), did not provide justification for an unannounced entry; and (3) that the manner in which the police entered the apartment violated the common law "knock and announce" rule as it has long been recognized in Massachusetts. Apart from situations falling within narrowly defined exceptions, before entering a dwelling, a police officer must knock, identify himself as a police officer, and state his purpose. See *Commonwealth* v. *Cundriff,* 382 Mass. 137 (1980), cert. denied, 451 U.S. 973 (1981); *Commonwealth* v. *Scalise,* 387 Mass. at 417; *Commonwealth* v. *Manni,* 398 Mass. 741 (1986); *Commonwealth* v. *Sepulveda,* 406 Mass. 180, 181 (1989).

The Commonwealth contends on appeal, first, that the judge erred in applying the exclusionary rule as the remedy for the violation. Instead, the Commonwealth contends, the judge should have engaged in a cost-benefit analysis, balancing the seriousness of the violation against the harm caused by suppression of the evidence. Compare *Commonwealth* v. *Sheppard,* 387 Mass. 488, 507 n.20 (1982), rev'd., 468 U.S. 981 (1984) (*Sheppard I*); *Commonwealth* v. *Sheppard,* 394 Mass. 381, 391 n.8 (1985) (*Sheppard II*). Had the judge done so, it is argued, the relatively minor departure from the requirements of the rule would have been outweighed by the serious harm to the public resulting from barring the prose-

cution from using the evidence. Second, the Commonwealth contends that suppression of the evidence was not required because full compliance with the requirements of the rule, in the circumstances, would have been a "useless gesture."

The judge found the following facts. On the night of the search, two police officers went to the front door of the defendants' apartment, while a third officer went to the side of the house. One officer knocked rapidly on the door four or five times, waited a few seconds, and then knocked again. One of the officers heard no voices from within. (The other officer testified that he heard voices from within, but the judge did not include that point in his findings.) There was no response to the knocks. After a perceptible pause, he tried the door, found it unlocked, and opened it. One of the officers entered the apartment and began walking up the hallway. When the second officer to enter the apartment was perhaps one step inside the doorway, he announced "police." They walked into another room where, upon finding one of the defendants, they announced that they had a search warrant.

1. There is little question that the police officers were acting without any improper intent, and it is apparent, with hindsight, that little, if any, harm was caused by the unannounced entry. Thus, if we were to accept the Commonwealth's invitation to engage in a cost-benefit analysis, the balance might well tip in favor of allowing the Commonwealth to use the narcotics as evidence at trial. We think that analysis is foreclosed, however, by *Commonwealth v. Manni*, 398 Mass. at 741. See also *Commonwealth v. Upton*, 394 Mass. 363, 368 n.4, final par. (1985). In the *Manni* case, a police officer knocked on the door of the defendant's dwelling and, simultaneously, turned the knob and opened the unlocked door. He announced his identity and purpose "as soon as [he] got in the room." 398 Mass. at 742. The court held that the "knock and announce" rule had been violated and, without explanation, applied the exclusionary rule as the remedy. We assume that the basis for the application of the exclusionary rule was the significance and ancient origin of the privacy rights involved and "recognition of the shared

common-law roots" of the knock and announce rule and the constitutional right to be secure against unreasonable searches and seizures. *United States* v. *Nolan,* 718 F.2d 589, 596 (3d Cir. 1983). See the discussion of the history and purpose of the rule in *Ker* v. *California,* 374 U.S. 23, 47-52 (1963) (Brennan, J., dissenting), and *Commonwealth* v. *Cundriff,* 382 Mass. at 140-147.

It is true that later, in *Commonwealth* v. *Sepulveda,* 406 Mass. at 181, the court stated that the knock and announce rule, having its origin in the common law, is not constitutionally required. Nowhere in that decision, however, is the question discussed whether, notwithstanding the lack of constitutional grounding for the knock and announce rule, the exclusionary rule might be applied in the event of a violation. The knock and announce rule was held inapplicable to the facts of the case in *Sepulveda* because entry was gained peaceably, with consent. *Manni* was distinguished on the ground that it involved uninvited entry through an unlocked door. 406 Mass. at 182. Recognizing that occupants of a dwelling who close but do not lock their front door reasonably do not expect that uninvited persons will enter at will, see *Sabbath* v. *United States,* 391 U.S. 585 (1968), the *Sepulveda* court, understandably, viewed the entry in *Manni* as nonconsensual. The *Sepulveda* decision, as we read it, leaves the *Manni* decision intact insofar as *Manni* holds that the appropriate remedy for a violation of the knock and announce rule is suppression of the evidence seized in the search. As the rule is not constitutionally based, if the Legislature should conclude that the public interest so requires, it could relax or change the remedy, for example, by giving trial court motion judges some discretion to determine in a particular case that a less severe remedy may be appropriate and adequate to encourage good faith police compliance with the rule. See and compare *Commonwealth* v. *Santoro,* 406 Mass. 421, 423-424 (1990), and *Commonwealth* v. *Manning,* 406 Mass. 425, 429 (1990).

Although the facts in the present case differ slightly from those in *Manni,* the differences, in our view, are insignificant.

Nor was the violation de minimis. One of the officers was several feet inside the apartment and, according to his testimony, "walking briskly" when their identity was first announced. Neither officer was in uniform. One of the purposes of the rule is to decrease the potential for physical violence.[2] The judge properly determined, therefore, that the remedy for the violation was suppression of the drugs found in the search of the apartment.

2. The Commonwealth makes the alternative contention, not raised in the trial court, that full compliance with the "knock and announce" rule "would have amounted to a useless gesture." *State* v. *Suits*, 73 Wis. 2d 352, 356 (1976). See *State* v. *Jones*, 127 N.H. 515, 521 (1985). As the occupants either did not hear the knocking, or heard it but did not respond, the Commonwealth takes the position that any announcement would have been futile.

Massachusetts has given recognition to a "useless gesture" exception, at least in the narrow situation "where 'the facts known to officers would justify them in being virtually certain that the . . . [occupant] already knows their purpose . . .'" (citations omitted). *Commonwealth* v. *McDougal*, 2 Mass. App. Ct. 820 (1974). See also *Commonwealth* v. *Cundriff*, 382 Mass. at 147 n.15. Compare *United States* v. *James*, 764 F.2d 885, 888 (D.C. Cir. 1985). The present case is not one in which the police officers could reasonably have believed that the occupants were aware of their identity and purpose. Relying on two cases from other jurisdictions applying the "useless gesture" exception, the Commonwealth argues that the doctrine is not so narrowly limited and applies to the facts of the present case. *State* v. *Suits*, 73 Wis. 2d at 352, dealt with a situation in which police officers, having observed through an open door that people were in the living room and a party was in progress, concluded that a knock on the door would not have been heard. *State* v. *Jones*, 127

---

[2]The other two purposes are to protect privacy and to prevent destruction of property. See *Commonwealth* v. *Scalise*, 387 Mass. at 417, quoting from *Commonwealth* v. *Cundriff*, 382 Mass. at 146; 2 LaFave, Search & Seizure § 4.8(a) (1987).

N.H. at 515, dealt with a situation in which police officers observed through an unlocked glass door a person asleep on a couch; their knocking failed to arouse him, and they concluded that any announcement would also have failed to arouse him. In each of the cases relied upon it was held that full compliance with the knock and announce rule was not required as it would have been a "useless gesture."

In the present case, on the other hand, the officers had made no observations which could have led them reasonably to believe that announcing their presence, identity, and purpose would have been futile. One of the officers testified that he heard voices from within the dwelling. He must have sensed, therefore, that it was occupied. It does not seem unlikely that a prior announcement would have been heard by the occupants. We do not think that the failure to respond to the knocks, by itself, was sufficient to establish the futility of making a verbal announcement.

*Order allowing motion to suppress affirmed.*