STATE of Missouri,
Plaintiff–Respondent,

v.

Robert Eugene ERWIN,
Defendant–Appellant.

Robert Eugene ERWIN,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 15838, 16303.

Missouri Court of Appeals,
Southern District,
Division Two.

May 7, 1990.

Motion for Rehearing or Transfer Denied
May 21, 1990.

Raymond L. Legg, Columbia, for defendant-movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

By information filed in the Circuit Court of Greene County, defendant Robert Eugene Erwin was charged with possession of more than 35 grams of marihuana in violation of § 195.020, RSMo 1986. A jury found the defendant guilty and assessed his punishment at imprisonment in the county jail for a term of one (1) year. The defendant has appealed and that case is Appeal No. 15838. The defendant also filed a motion for postconviction relief pursuant to Rule 29.15. The motion court dismissed the motion for postconviction relief and that case is Appeal No. 16303. The appeals have been consolidated but will be addressed separately in this opinion.

*Appeal No. 15838*

In sketch and outline, the background of the case is that on October 16, 1987, offi-

cers of the Fair Grove Police Department received information that the defendant was selling controlled substances. The officers obtained a warrant to search the defendant's residence, a one-room structure adjacent to an establishment known as the Dandy Diner. The officers executed the warrant about 10 p.m. on October 17.

When the officers entered the defendant's residence, they advised the defendant that they had a search warrant. One of the officers looked under the defendant's bed—"where the contraband was supposed to be at"—and found a black pan containing marihuana. The defendant was arrested and the officers searched further for controlled substances. They recovered a large trash bag containing marihuana, a manila envelope containing large marihuana leaves in a book and other receptacles containing marihuana seeds and stems. Although the sufficiency of the evidence has not been questioned in this court, there is ample evidentiary support for the judgment of conviction.

■ In this court, the defendant has filed a single brief. He has briefed four assignments of error. His first point, slightly paraphrased, is that the trial court erroneously admitted evidence seized from his residence. The evidence to which he refers is that introduced by the State to obtain a conviction. This evidence was seized pursuant to a search warrant. Defendant argues that the warrant was invalid because neither the application for the warrant nor the warrant itself was verified or signed as required by § 542.276.10(2) and (6), RSMo 1986.

This point need not detain us long. The copy of the application and the warrant introduced in evidence during the trial do not bear a legible signature of any sort. It was explained, however, that five copies of the application and the warrant had been prepared and not all the writing on all the copies was legible. After the record on

appeal had been filed, in fact after the case had been fully briefed, a supplemental legal file was furnished by the parties. The supplemental legal file, stipulated by the parties to be correct, shows clearly that the search warrant was subscribed and sworn to as required by statute and the warrant itself was signed by a judge with the title of his office indicated, as required by § 542.276.6(7), RSMo 1986. The corrected record directly refutes the defendant's first point.

The search warrant which is the principal subject of this appeal was based on information furnished by an informant. Defendant's second and third points are elaborate and involved arguments that the warrant was issued without a showing of probable cause to search.

■ As we understand the controlling authorities, probable cause to search exists when, at the time the magistrate issues the warrant, there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search.[1] Much has been written about the nature of probable cause to search based on information from an informant,[2] and we undertake no general discussion here. We have been cited to State v. Hammett, 784 S.W.2d 293 (Mo.App.1989), a carefully written opinion with which we agree. The principal premise of that opinion, as we read it, is that common gossip, sworn to, does not establish probable cause to search.

The case at hand is much different. The application for the search warrant contained the following declaration:

"... On the 16th day of October 1987, a reliable and confidential informant and known former associate of the afore mentioned [sic] suspect (defendant) did

---

1. Project: Eighteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1987–1988, 77 Geo.L.J. 489, 499, n. 45, citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983).

2. See 1 W. LaFave, Search and Seizure § 3.3, pp. 611–711 (1987), and Supp.Vol. 1, pp. 58–63 (1990).

advise this officer that the suspect was in possession of the afore mentioned [sic] controlled substance and had the previous night returned to him one quarter pound of marijuana that had been in his possession and believed him to be in possession of an additional three quarters of a pound, and that the marijuana is located within the above stated residence, hidden underneath the matress [sic] of the suspect's bed."

■ The syntax or arrangement of words in the sentence quoted is appalling. If we start with the words "the suspect was in possession" and read forward, the words "returned to him one quarter pound of marijuana that had been in his possession" leave us in doubt who returned a quarter pound of marihuana to whom, but in any event, the transfer of ¼ pound of marihuana from one person to another constituted a criminal transaction, whether the informant was the transferor or transferee, because one delivering or accepting delivery of ¼ pound of marihuana would be guilty either of distribution within the meaning of § 195.010(13) or possession as denounced by § 195.020.1, RSMo 1986. The informant, in short, admitted to participation in a criminal act.

It is established beyond cavil that when the informant's information amounts to an admission that the informant has committed a crime, the admission carries its own indicia of reliability. In *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), a federal tax investigator's search warrant affidavit recited that the informant "has personal knowledge of and has purchased illicit whiskey from within the residence described, for a period of more than 2 years, and most recently within the past two weeks." The United States Supreme Court held, among other things, that:

"[3] Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." *United States v. Harris*, 403 U.S. at 583, 91 S.Ct. at 2082, 29 L.Ed.2d at 734. Professor LaFave has doubt that a majority of the court subscribed to the proposition just stated, but he concludes that "... it has been rather consistently followed by the lower courts, with the result that admissions against penal interest by an informant are regularly relied upon as a means of showing that his information is reliable." 1 W. LaFave, Search and Seizure § 3.3(c) at p. 644. See *United States v. Reivich*, 793 F.2d 957, 959–60[1] (8th Cir.1986); *State v. Hazen*, 131 N.H. 196, 552 A.2d 77, 79 (1988). We are not prepared to hold that an admission against penal interest necessarily and in all circumstances establishes probable cause to search, but we believe the rationale of the *Harris* case is sound and that it is controlling here. We find defendant's second and third points to be without merit.

■ The defendant's final point on direct appeal is that the search warrant was improperly executed and the exclusionary rule should therefore be applied, again to the evidence used by the State to convict the defendant, because the officers who executed the warrant failed to give notice of their authority and purpose before entering the defendant's apartment. Section 542.296.5(4), RSMo 1986, states that improper execution of a search warrant constitutes a ground for suppression of the evidence seized. Defendant would read a "knock and announce" requirement similar to 18 U.S.C.A. § 3109 into paragraph (4) of subsection 5 of § 542.296, RSMo 1986. The federal statute requires law enforcement officers to announce their authority and purpose and to be denied admittance before they break down the door of a house to execute a search warrant. In this case, the officers who executed the warrant "[k]nocked on the door and it went open." Their entry was, in effect, entry through an open door and such an entry would not require a "knock and announce" procedure even if we assume, arguendo, that

§ 542.296.5(4) contemplates that peace officers executing search warrants will announce their authority and purpose and be denied entry before they break down the door of a house. See *United States v. Remigio,* 767 F.2d 730, 732–33 (10th Cir. 1985). Defendant's fourth point is without merit. In Appeal No. 15838, the judgment is affirmed.

*Appeal No. 16303*

This appeal is taken from the trial court's dismissal of defendant's motion for postconviction relief. The defendant has, as we have noted, filed a single brief in this case and in that brief no error is assigned to the order dismissing the motion for post-conviction relief. In such circumstances the appeal must be deemed abandoned. *State v. Mayo,* 784 S.W.2d 897[1] (Mo.App. 1990). Accordingly, the judgment in Appeal No. 16303 is affirmed and the appeal is dismissed.

FLANIGAN, P.J., and MAUS, J., concur.