## COMMONWEALTH *vs.* RAYMOND GOMES.

Suffolk. April 4, 1990. - July 12, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Search and Seizure,* Forcible entry by police, Warrant, Inevitable discovery. *Constitutional Law,* Search and seizure. *Controlled Substances.*

A criminal defendant was entitled to suppression of the evidence seized pursuant to a "no-knock" search of certain premises in which he was present but did not reside, where the affidavit prepared by the police officer who applied for, and assisted in the execution of, the warrant contained no information which would support a "no-knock" provision; where the record was devoid of any showing of special need to dispense with the "knock and announce" requirement; where the manner in which the police officers entered the premises (battering down the door with a sledgehammer while announcing their presence and bursting into the dwelling) struck at the very core of the safety, privacy, and personal property interests that the "knock and announce rule" is designed to protect; and where there was no basis for the Commonwealth's contentions that the evidence was admissible, either by applying an "inevitable discovery" rule to the facts, or by concluding that some type of "good faith" exception excused what occurred. [45-47]

INDICTMENT found and returned in the Superior Court Department on September 10, 1987.

A motion to suppress evidence was heard by *John J. Irwin, Jr.,* J., and the case was tried before *Robert A. Mulligan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Eric Brandt,* Committee for Public Counsel Services, for the defendant.

*Laura Burnham,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. A jury in the Suffolk Superior Court convicted the defendant of trafficking in cocaine. On appeal, he

challenges the denial of his pretrial motion to suppress evidence seized pursuant to a warrant. We conclude that the evidence should have been suppressed.

The warrant in question, which contained a "no-knock" provision, was executed at an apartment in the Dorchester section of Boston on April 23, 1987. Upon arriving at the apartment, the officers beat the door down with a sledgehammer, while yelling "police." The officers rushed into the apartment, and found the defendant coming down a staircase from the second floor. While one of the officers secured the defendant, the others searched the apartment. In a second floor room they found, lying on a table in plain view, a substance which later was determined to be 131.80 grams of cocaine. The officers also found other drugs and drug paraphernalia in various places throughout the apartment. Aside from the defendant, no other person was found in the apartment.

In his motion to suppress, the defendant argued that the application provided the magistrate with no factual basis for including a "no-knock" provision in the warrant, and that it therefore violated the principles set forth in *Commonwealth v. Scalise*, 387 Mass. 413 (1982). While indicating his agreement with this point, the judge nonetheless denied the motion to suppress solely on the ground that the defendant, who did not reside in the apartment, had no reasonable expectation of privacy therein, and consequently lacked standing to challenge the "no-knock" search.

Subsequent to the motion judge's decision, we decided *Commonwealth v. Amendola*, 406 Mass. 592 (1990). Under the rule announced in *Amendola*, which is based on art. 14 of the Massachusetts Declaration of Rights, the defendant, who is charged with a possessory offense, clearly has standing to challenge the search and seizure. *Id.* at 601 & n.4. The Commonwealth now concedes the point. The Commonwealth also admits that the insertion of the "no-knock" provision in the warrant violated the principles set forth in *Scalise, supra,* and *Commonwealth v. Cundriff,* 382 Mass. 137 (1980), cert. denied, 451 U.S. 973 (1981). The Commonwealth argues, however, that we should hold that the evi-

dence was properly admitted, either by applying an "inevitable discovery" rule to the facts, or by concluding that some type of "good faith" exception excuses what occurred. Since the Commonwealth did not anticipate the *Amendola* decision, we choose to exercise our discretion to consider its admittedly new arguments. We reject both as inappropriate to this case.

Although not constitutionally required, the so-called "knock and announce" rule has long featured prominently in our common law. See *Commonwealth* v. *Sepulveda*, 406 Mass. 180, 181 (1989); *Commonwealth* v. *Scalise, supra* at 420; *Commonwealth* v. *Cundriff, supra* at 139-140. The same is also true of the Federal jurisprudence. See *Miller* v. *United States*, 357 U.S. 301, 313 (1958) (stating that the requirement is "embedded in Anglo-American law"). The rule serves the vital purposes of "decreasing the potential for violence, protect[ing] . . . privacy, and prevent[ing] . . . unnecessary damage to homes." *Cundriff, supra* at 146. See *Sepulveda, supra* at 182. We have expressly held that police officers, when seeking a "no-knock" warrant, must convince the issuing magistrate that probable cause exists to believe that the evidence will be destroyed if the "knock and announce" rule is not dispensed with. *Scalise, supra* at 421. The fact that drugs are involved is, by itself, insufficient to provide the necessary showing. *Id.*

In *Commonwealth* v. *Manni*, 398 Mass. 741 (1986), we held that the defendant was entitled to suppression of evidence seized pursuant to a "no-knock" search where the officer had information available that would have justified dispensation with the requirement but had not presented the information to the issuing magistrate. Recently, in *Commonwealth* v. *Gondola*, 28 Mass. App. Ct. 286 (1990), the Appeals Court upheld suppression of evidence seized during a "no-knock" search. Like this case, the warrant contained a "no-knock" provision, but there was no basis shown for it. The Appeals Court relied on the *Manni* case and rejected arguments by the Commonwealth that "the judge should have engaged in a cost-benefit analysis, balancing the seri-

ousness of the violation against the harm caused by suppression of the evidence." *Id.* at 287.

We agree with the Commonwealth that, as a general rule, the mere fact that an unlawful search and seizure has occurred should not automatically result in the exclusion of any illegally seized evidence. See, e.g., *Commonwealth v. Rutkowski*, 406 Mass. 673, 676 n.5 (1990); *Commonwealth v. Sheppard*, 394 Mass. 381, 391 (1985). We further agree that this principle would apply to violation of the "no-knock" rule, which is not clearly constitutionally based. Rather, the decision whether to exclude such evidence should properly turn on: (1) the degree to which the violation undermined the principles underlying the governing rule of law, see *Rutkowski, supra* at 677, and (2) the extent to which exclusion will tend to deter such violations from being repeated in the future, see *Commonwealth v. O'Connor*, 406 Mass. 112, 114-115 (1989). See also 1 W.R. LaFave, Search & Seizure § 1.1(f), at 16-17 (2d ed. 1987) (describing the purposes of the exclusionary rule as including deterrence of police misconduct and preservation of the integrity of the law).

There is no basis to excuse compliance with the law in this case. The affidavit prepared by Police Officer Kenneth C. Dorch, who applied for and assisted in the execution of the warrant, contains no information which would support a "no-knock" provision, and the record is devoid of any showing of special need to dispense with the requirement. In executing the warrant, the police officers battered down the door to the apartment with a sledgehammer while announcing their presence and burst into the dwelling. This activity, which was aptly characterized by the defense at the hearing on the motion in the Superior Court as "sledgehammer and announce," strikes at the very core of the safety, privacy, and personal property interests that the "knock and announce rule" is designed to protect. There exists a clear and substantial violation of a settled rule which if excused would tend to vitiate the rule in its entirety.

There is also no basis for application of either rule argued for by the Commonwealth. An inevitable discovery rule

" 'should be applied only when it is clear that "the police officers have not acted in bad faith to accelerate the discovery of the evidence in question." ' " *Commonwealth* v. *O'Connor*, 406 Mass. 112, 118 n.5, quoting W.R. LaFave, Search & Seizure § 11.3(a), at 283 (2d ed. 1987). Officer Dorch had actual knowledge that the affidavit contained no particularized facts which would have shown probable cause to believe that a "no-knock" warrant should issue, and at least constructive knowledge of our decision in the *Scalise* case, *supra*, which requires such a showing. See *United States* v. *Leon*, 468 U.S. 897, 919 n.20 (1984) (police officers are required to have a reasonable knowledge of what the law prohibits). Despite this knowledge, police officer Dorch obtained and executed the warrant as if its "no-knock" provision was justified. With respect to the Commonwealth's alternate argument, whether we might recognize some other ground to justify admitting the evidence, notwithstanding the violation of law involved in its seizure, need not be considered because, for the reasons stated, there is no basis in the record which supports the Commonwealth's position. See discussion in *Commonwealth* v. *Sheppard*, 387 Mass. 488, 507 n.20 & 508 (1982), and *Commonwealth* v. *Osborne*, 394 Mass. 381, 389-391 (1985). Finally, it has not been made to appear that a remand for the presentation of further evidence would cure these problems.

The judgment of conviction is reversed and the verdict is set aside; the order denying the motion to suppress the evidence seized under the warrant is vacated; and an order shall be entered allowing the motion to suppress. The case is remanded to the Superior Court to determine whether the Commonwealth has any possibility of meeting its proof, see *Commonwealth* v. *Kirouac*, 405 Mass. 557, 564 (1989), and, dependent on that determination, for appropriate further orders.

*So ordered.*