COMMONWEALTH vs. JOHN J. OSORNO.

No. 89-P-1148.

Suffolk. December 7, 1990. - March 26, 1991.

Present: DREBEN, KAPLAN, & GILLERMAN, JJ.

*Search and Seizure*, Forcible entry by police. *Constitutional Law*, Search and seizure, Assistance of counsel. *Practice, Criminal*, New trial.

A Superior Court judge properly within his discretion considered a criminal defendant's motion for new trial without granting an evidentiary hearing. [330]

Discussion of cases considering and applying the common law "knock and announce" rule. [330-332]

In a criminal case, police officers were excused from announcing themselves prior to entry into the defendant's apartment where the police, at the open door, could reasonably have thought that destruction of the sought-for drugs was imminent. [332-333]

A criminal defendant convicted of trafficking in more than 100 grams of cocaine was not deprived of an available substantial ground of defense by his counsel's failure to file a motion to suppress based on an allegation of police officers' violation of the "knock and announce" rule, and thus did not sustain his claim of ineffective assistance of counsel. [333]

Evidence known to a criminal defendant concerning the circumstances of a police entry of his apartment was not "newly discovered" for purposes of Mass.R.Crim.P. 30 (b), even if not known to his trial counsel. [333-334]

INDICTMENT found and returned in the Superior Court Department on August 10, 1988.

The case was tried before *Robert A. Mulligan*, J., and a motion for a new trial was heard by him.

*Francis T. O'Brien, Jr.*, for the defendant.

*Kenneth V. Desmond* (*Brian J. Carney*, Assistant District Attorney, with him) for the Commonwealth.

DREBEN, J. Following his conviction for trafficking in excess of 100 grams of cocaine,[1] the defendant filed a motion for a new trial claiming that drugs seized from him by police executing a search warrant of an apartment should have been suppressed.[2] The reason — the police had failed to comply with the "knock and announce" rule, see *Commonwealth* v. *Cundriff*, 382 Mass. 137 (1980), cert. denied, 451 U.S. 973 (1981), a rule which "[a]part from situations falling within narrowly defined exceptions" requires a police officer, before entering a dwelling, to "knock, identify himself as a police officer, and state his purpose." *Commonwealth* v. *Gondola*, 28 Mass. App. Ct. 286, 287 (1990), and cases cited.

Recognizing that this claim had not been made prior to trial when a motion to suppress on other grounds had been filed, new counsel put forth two alternate claims in support of the motion for a new trial: 1) testimony at trial constituted newly discovered evidence suggesting that cocaine had been seized pursuant to an illegal execution of the warrant; 2) if the evidence is not deemed newly discovered, the defendant was ineffectively assisted by counsel.[3] The trial judge considered the motion on the basis of trial testimony and the defendant's affidavit, and, after a nonevidentiary hearing, rejected both claims.[4] In this appeal from the denial of the motion for a new trial, the defendant renews the same arguments and also claims error in the failure of the judge to grant an evidentiary hearing. See *Commonwealth* v. *Stewart*,

---

[1]The defendant's indictment on a conspiracy charge (possession of cocaine with intent to distribute) was placed on file with his consent.

[2]The defendant incorrectly assumes that the failure to comply with the knock and announce rule automatically results in the exclusion of all evidence obtained in a search made without the police first declaring themselves. See *Commonwealth* v. *Gomes*, 408 Mass. 43, 46 (1990). We need not reach the issue of remedy as we do not find the search to have been illegal.

[3]Other grounds not pursued on appeal were also claimed in the motion for a new trial.

[4]The argument based on newly discovered evidence was rejected on a motion for reconsideration.

383 Mass. 253, 260 (1981). We affirm the order denying a new trial.

1. *Ineffective assistance of counsel.* The judge decided that the defendant had not been deprived of an available substantial ground of defense, and, accordingly, did not consider the first prong of *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974): whether there was behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer. We follow the same route noting, moreover, that nothing in the record suggests counsel fell below the *Saferian* standard.

We turn to whether the "no knock" claim was an available substantial ground of defense. The evidence before the motion judge as to the execution of the search warrant — a warrant which did not authorize the police to enter the premises without announcement — consisted of the testimony of police and the defendant's affidavit. The latter in conclusory fashion, insofar as here pertinent, stated merely that while the defendant was lawfully present in apartment 128 at 60 Charles Gate East, "the police entered the apartment without announcement." As noted by the motion judge, "Because the manner of entry into the apartment was not an issue at trial, the testimony about it is scant."

What appears from the transcript is that at about 9:00 P.M. on June 22, 1988, Rentas, an undercover police officer (who had previously purchased drugs from an occupant of the apartment), went to the front door on the first floor of the apartment building to ring the bell to apartment 128 on the fifth floor. In the meantime, three other officers had climbed the back stairs to the fifth floor and were waiting near the door of apartment 128. After Rentas rang the downstairs buzzer, the apartment door opened and the three officers who were outside waiting entered without problem. Detective Hartford, the first officer to enter, gave the following response when asked to "[t]ell the members of the jury just exactly what you encountered, what you saw just as you crossed the threshold of that apartment."

"As I entered the apartment, I identified myself as a police officer and one of the occupants [name of occupant omitted] ran towards the bathroom carrying a plastic bag. I grabbed . . . ."

We digress to determine whether the motion judge erred in denying an evidentiary hearing. Noting that the defendant's affidavit provided no details, was "unimpressive on the whole, [and was] unpersuasive as to the manner of the police entry," the judge held that the defendant's "conclusory statement" contradicting the trial testimony of Officer Hartford did not "prompt [him] to conduct an evidentiary hearing."

A judge need not hear evidence and may decide a post-conviction motion on the basis of affidavits. Where, however, "a substantial issue is raised and is supported by a substantial evidentiary showing," an evidentiary hearing should be held. *Commonwealth* v. *Stewart*, 383 Mass. at 259-260 (1981). *Commonwealth* v. *Meggs*, *ante* 111, 114-115 (1991). Mass.R.Crim.P. 30(c)(3), 378 Mass. 900 (1979). Whether to decide a motion for a new trial on the basis of affidavits or to hear oral testimony is a matter within the discretion of the judge. *Commonwealth* v. *Stewart*, 383 Mass. at 257. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 110-111 (1989). There was here no abuse of discretion.

On the substantive issue, the judge ruled:

> "[T]here was no need to knock because the door was open. Although the transcript does not establish whether any part of Hartford's body, or the body of either of the other officers, had broken the plane of the threshold before he announced himself, it does establish that a peaceful, announced entry was made by the search party."

The common law "knock and announce" rule is one which is not constitutionally required. *Commonwealth* v. *Sepulveda*, 406 Mass. 180, 181 (1989). Its original rationale continues today: "decreasing the potential for violence [initiated by residents in response to a sudden and unexpected invasion of their premises, provoking further retaliatory vio-

lence by the police], protection of privacy, and the prevention of unnecessary damage to homes." *Id.* at 182, quoting from *Commonwealth* v. *Cundriff*, 382 Mass. at 146. See *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990).

Because of the importance of the privacy interests involved even some nonviolent entries are subject to the rule. Thus an entry through an unlocked door will require an announcement. "[O]ccupants of a dwelling who close but do not lock their front door reasonably do not expect that uninvited persons will enter at will." *Commonwealth* v. *Gondola*, 28 Mass. App. Ct. 286, 289 (1990). *Commonwealth* v. *Manni*, 398 Mass. 741, 742-743 (1986). A consensual police entry, even if obtained by ruse or trickery, however, will not invoke the rule. *Commonwealth* v. *Sepulveda*, 406 Mass. at 182-183.[5] And it appears, although there is no Massachusetts case on point, that a number of courts permit a peaceable police entry without announcement through an open door when made in the presence of the defendant. See, e.g., under the Federal statute,[6] *United States* v. *Williams*, 351 F.2d 475, 477 (6th Cir. 1965), cert. denied, 383 U.S. 917 (1966); *Ng Pui Yu* v. *United States*, 352 F.2d 626, 629, 632 (9th Cir. 1965); *United States* v. *Conti*, 361 F.2d 153, 157 (2d Cir. 1966), vacated on other grounds, 390 U.S. 204 (1968); *United States* v. *Salter*, 815 F.2d 1150, 1152 (7th Cir. 1987); *United States* v. *Levesque*, 625 F. Supp. 428, 455 (D.N.H. 1985), aff'd, 879 F.2d 853 (1st Cir. 1989). See also

---

[5]In *Commonwealth* v. *Cundriff*, 382 Mass. at 139, the police knocked on an apartment door. When a woman asked, "Who is it?" They replied, "School bus." The woman opened the door and several officers rushed inside with their weapons drawn. The court noted, without comment, at 147 n.17, that the "judge assumed that despite the ruse the actions of the policemen rushing into the defendant's apartment with guns drawn constituted a 'violent entry,' and, therefore, the police were required to announce their presence and purpose absent an exception to the rule."

[6]Title 18 U.S.C. § 3109 (1988) provides:

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

*United States* v. *Johns*, 466 F.2d 1364, 1365 (5th Cir. 1972). Some courts even allow entry without announcement when force is used. See, e.g., *United States* v. *Remigio*, 767 F.2d 730, 732-733 (10th Cir.), cert. denied, 474 U.S. 1009 (1985). Contra *Hair* v. *United States*, 289 F.2d 894, 896-897 (D.C. Cir. 1961). State courts also have permitted entry through a door already open. *Jones* v. *United States*, 336 A.2d 535, 538 (D.C. 1975). *State* v. *Erwin*, 789 S.W.2d 509, 511-512 (Mo. Ct. App. 1990). *State* v. *Rudisill*, 20 N.C. App. 313, 315 (1973). *Commonwealth* v. *Regan*, 254 Pa. Super. 555, 559 (1978). *State* v. *Suits*, 73 Wis.2d 352, 355, 356-357 (1976). Contra *State* v. *Carufel*, 112 R.I. 664, 672 (1974); *State* v. *Coyle*, 95 Wash.2d 1, 4 (1980). See generally 2 LaFave, Search and Seizure § 4.8(b) (2d ed. 1987). Here, a door was opened voluntarily by an occupant in response to a knock or a buzzer, and a partial announcement[7] was made "as," but not before, Detective Hartford entered the apartment.

We need not, however, decide whether the circumstances of the entry comported with the rule, as we consider the police "excused from the usual knock and announce requirement [as they were] reasonably acting to prevent destruction or disposal of the items named in the search warrant" — here cocaine. *Commonwealth* v. *Scalise*, 387 Mass. 413, 418 (1982).[8] As stated earlier, Hartford's testimony was that, as he entered, "one of the occupants, [name omitted] ran toward the bathroom carrying a plastic bag. I grabbed. . . ." Hartford's testimony was interrupted by the next question.

Q. "What did you do when [that occupant] ran in that direction?"

A. "I ran towards him."

Q. "What happened next?"

---

[7]Although Hartford stated he was a police officer, he did not give the purpose of the entry.

[8]In reviewing an order concerning the suppression of evidence, an appellate court may affirm on a ground not relied on by the Commonwealth or motion judge. See *Commonwealth* v. *Signorine*, 404 Mass. 400, 403 n.1 (1989).

A. "I grabbed him as he got to the bathroom door, took the bag of white powder out of his hand, placed him under arrest."

We infer from this testimony that Hartford, at the open door, could reasonably have thought that destruction of the drugs was imminent. In these circumstances he was not required to wait to announce himself prior to entry. See *Commonwealth* v. *Scalise*, 387 Mass. at 421. "[W]here those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door), are then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted," an announcement is not necessary. *Ker* v. *California*, 374 U.S. 23, 47 (1963) (Brennan, J., dissenting). Smith, Criminal Practice and Procedure, § 235 (2d ed. 1983).

Since a motion to suppress based on the "knock and announce" rule would not have succeeded, the defendant has not sustained his claim of ineffective assistance of counsel. See *Commonwealth* v. *Lykus*, 406 Mass. 135, 142-143 (1989).

2. *Newly discovered evidence.* The defendant also argues that the trial testimony of the police concerning their manner of entry "effectively constituted newly discovered evidence for purposes of a motion for new trial." Our discussion in part 1, *supra*, disposes of any claim that the testimony would have resulted in the suppression of the evidence found on the defendant during the search. In any event, the evidence was not "newly discovered" for purposes of Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). "As [the defendant] . . . was not asleep at the time of the police entry, it cannot be contended that he had no knowledge before trial of the purportedly unlawful entry." *Commonwealth* v. *McDougal*, 2 Mass. App. Ct. 820, 821 (1974). Evidence known to the defendant is not newly discovered, even if it is not known to his counsel. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 152 (1976); *Commonwealth* v. *Pires*, 389 Mass. 657, 665 (1983); *Com-*

*monwealth* v. *Rodriguez*, 17 Mass. App. Ct. 547, 554 (1984).

<div align="center">

*Order denying motion for new trial affirmed.*