COMMONWEALTH *vs.* GUARIONEX MARMOLEJOS.

No. 92-P-185.

Suffolk. June 7, 1993. - July 15, 1993.

Present: BROWN, DREBEN, & FINE, JJ

*Practice, Criminal*, Motion to suppress, Reconsideration. *Search and Seizure*, Consent, Exigent circumstances.

The judge at a criminal trial did not err in denying the defendant's re-
quest, made at the close of all the evidence, for reconsideration of his
pretrial suppression motion, where the trial testimony raised no new
issues sufficient to support a conclusion under Mass.R.Crim.P. 13
(a)(5) that substantial justice required reconsideration. [3-4] DREBEN,
J., concurring.

INDICTMENT found and returned in the Superior Court De-
partment on October 25, 1989.

A pretrial motion to suppress evidence was heard by
*Elbert Tuttle*, J., and the case was tried before *Walter E.
Steele*, J.

*William Volk* for the defendant.

*Jane Woodbury*, Assistant District Attorney, for the Commonwealth.

BROWN, J. A Superior Court jury convicted the defendant upon an indictment charging trafficking in cocaine of a net weight of two hundred grams or more. See G. L. c. 94C, § 32E(*b*)(4). The narrow question presented on appeal is whether the trial judge properly refused to reconsider, pursuant to Mass. R.Crim.P. 13 (a)(5), 378 Mass. 872 (1979), the defendant's pretrial motion to suppress, which had been denied by another judge following an evidentiary hearing.[1] The trial judge's refusal to entertain reconsideration of the defendant's motion to suppress was not error.

In his pretrial motion to suppress, the defendant maintained that the cocaine was seized as a result of a warrantless search of apartment no. 2 at 36 Mozart Street in the Jamaica Plain section of Boston, that there were no exigent circumstances justifying the entry without a warrant, and, further, that the police did not have the consent of those present in the apartment to enter. In rejecting the defendant's arguments, the motion judge filed a memorandum of decision containing his findings of fact and rulings of law, in which he concluded, in pertinent part, that an initial entry made by State Trooper Jose Alejandro, who was acting in an undercover capacity, was consensual, that a second entry made a few minutes later by Alejandro, trailed by other officers, was also consensual, that the police had probable cause to believe that a crime had been committed and properly seized the contraband, and that no constitutional rights of the defendant were violated. Given that the defendant does not challenge the action of the motion judge, we need not review that judge's subsidiary findings of fact.[2] As previously noted, the

---

[1]The defendant is not appealing the denial of his pretrial motion.

[2]We observe, however, that there is evidentiary support in the record for the findings of the motion judge. See in this regard *Commonwealth v. Yesilciman*, 406 Mass. 736, 743 (1990) ("we accept the motion judge's subsidiary findings of fact absent clear error").

defendant claims that the trial judge erred in not reconsidering the motion to suppress.

Under Mass. R.Crim.P. 13 (a)(5), "[u]pon a showing that substantial justice requires, the judge . . . may permit a pretrial motion which has been heard and denied to be renewed." However, the judge has no obligation to consider such a motion, "so long as no new issues are raised and the relevant law has not changed." *Commonwealth* v. *Parker*, 412 Mass. 353, 356 (1992). Defense counsel sought reconsideration of the motion at the close of all the evidence. The trial judge had before him the motion judge's memorandum of decision. Characterizing the defendant's motion for reconsideration as "pro forma," he denied it.

What the defendant appears to be arguing here is that Trooper Alejandro's trial testimony diverged from, and was inconsistent with, his testimony at the motion hearing as to whether his second entry into apartment no. 2 was with the consent of the occupants.[3] Thus, as we understand it, the defendant maintains that testimony at trial raised "new issues" within the meaning of rule 13, thus requiring reconsideration of his motion to suppress.

At the trial, Trooper Alejandro stated unequivocally on direct examination that Vilma Villanueva, the codefendant, who was the legal occupant of the apartment, opened the apartment door for him to reenter. Alejandro reiterated the point on cross-examination and on recross-examination. Because Alejandro was the first officer up the stairs and the first to reach the second-floor landing, other officers were not able to testify directly as to how the door was opened or as to who opened it. Trooper Stephen Matthews, however, who closely trailed Alejandro, testified that there was a female at the door when he arrived at the top of the stairs.

---

[3]There is no dispute that Trooper Alejandro's initial entry was by consent. Nor does the defendant contest that while in the apartment, Alejandro observed a "kilo" of cocaine, which was in plain view. We note in passing that contraband may be seized by the police without a warrant whenever it is in plain view and the police are in a place where they have a right to be. *Sullivan* v. *District Ct. of Hampshire*, 384 Mass. 736, 742-743 (1981).

Any minor inconsistencies in Trooper Alejandro's testimony as to his exact location at the time that he announced the presence of the police[4] are not sufficient to support a conclusion that "substantial justice" required reconsideration of the motion to suppress, and do not vitiate the consent, as the defendant claims. The evidence of Villanueva's consent was not ambiguous. See and compare *Commonwealth v. Brown*, 32 Mass. App. Ct. 649, 651-652 (1992). Alejandro testified that when he arrived at the top of the stairs, "Vilma [Villanueva] had the door open, [and was] looking out."[5] The trial judge fairly could conclude that the circumstances here revealed invitation, and thus consent, given that the occupants, who were in the midst of their efforts to execute a sale of narcotics to Alejandro, were anxiously awaiting his return with the purchase money.[6] See *id.* at 652. It makes no difference that entry to the apartment was obtained by a ruse. *Commonwealth v. Sepulveda*, 406 Mass. 180, 182 (1989).

Parenthetically, we commend these police officers for their decision to secure the apartment until a search warrant for the entire apartment could be obtained, actions which may fairly be characterized as reasonable and restrained in the circumstances. See *Commonwealth v. A Juvenile*, 411 Mass. 157, 165 n.9 (1991). Compare *Commonwealth v. Skea*, 18

---

[4]Trooper Alejandro testified on cross-examination that he had his firearm out but he denied that it was pointed at Villanueva. There was no mention of the trooper's firearm at the motion hearing.

[5]As mentioned above, Trooper Alejandro's second entry was within a few minutes of his departure following his previous entry into the apartment.

[6]Although the majority of the panel concludes that the testimony at trial would support a finding of entry by consent, we note that there was another basis for upholding the warrantless search. Probable cause and exigent circumstances provide constitutional justification for the warrantless search of the residence. See, e.g., *Commonwealth v. Skea*, 18 Mass. App. Ct. 685, 695 (1984). Had the officer not returned promptly to complete the purchase, the occupants would have become suspicious and very likely would have moved or destroyed the drugs. They had made statements to the trooper to the effect that they wanted to sell the drugs quickly.

Mass. App. Ct. 685, 691 (1984). Contrast *Commonwealth* v. *Wigfall*, 32 Mass. App. Ct. 582, 586-587 (1992).

*Judgment affirmed.* .

DREBEN, J. (concurring). At trial Trooper Alejandro testified that Villanueva had opened the door for him to enter, had stood "right in front of the door," and "was surprised." He also testified, on cross-examination, that as he got to the door he had his "firearm out" and "when [he] came to the threshold of the door," he announced, "State police." In these circumstances I do not consider the evidence at trial of consent to the second entry to be as unambiguous as do the majority of the panel. I note that at the hearing on the motion to suppress, Alejandro did not mention that he had his gun drawn when he approached the apartment. He also explicitly testified at that hearing that he made the announcement of "State police" *after* his entry into the apartment.

It is, however, unnecessary in my view to determine whether the evidence at trial contradicted the evidence at the suppression hearing which supported the conclusion that the second entry was consensual. The trial judge's refusal to reconsider the pretrial motion to suppress is supported on the ground briefly mentioned in note 6 of the majority opinion, namely that the police had probable cause to make the second entry into the apartment and that the circumstances were exigent.

On the occasion of the original entry, which the defendant concedes was consensual, Alejandro, acting in an undercover capacity, had been shown samples of the drugs he had shown an interest in purchasing. After rejecting one sample and indicating satisfaction with another, he left the apartment for the ostensible purpose of obtaining money from his car. Had Alejandro not promptly reappeared on the second floor, having stated that he was satisfied with the sample examined by him, the occupants would have become alarmed and would likely have destroyed or removed the evidence. Because there

was not time to obtain a warrant, the trial judge acted correctly in not reconsidering the pretrial motion.