COMMONWEALTH *vs.* FOSTER WORNUM.

Suffolk. September 12, 1995. - November 3, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Search and Seizure*, Forcible entry by police. *Constitutional Law*, Search
and seizure.

Even though police officers failed to knock and announce their presence
and purpose before executing a valid nighttime search warrant, sup-
pression of the evidence seized in the defendant's apartment was not
required where the police had told the defendant's brother, who was
also a resident of the apartment, that they were going to execute the
warrant and where the police then entered without using physical force
in the presence of that resident: the objectives of the common law
knock and announce rule were, in the circumstances, sufficiently ful-
filled [222]; moreover, for the same reasons, the entry was not unrea-
sonable under the Fourth Amendment to the United States Constitu-
tion so as to warrant suppression [223].

COMPLAINT received and sworn to in the Roxbury Division
of the District Court Department on March 15, 1994.

A motion to suppress evidence was heard by *Gordon A.
Martin, Jr.*, J.

An application for leave to prosecute an interlocutory ap-
peal was allowed by *O'Connor*, J., in the Supreme Judicial
Court for the county of Suffolk and the appeal was reported
by him to the Appeals Court. The Supreme Judicial Court
on its own initiative transferred the matter from the Appeals
Court.

*John P. Zanini*, Assistant District Attorney, for the
Commonwealth.

*Jane Climenko Gottschalk* for the defendant.

WILKINS, J. The defendant is charged with certain drug
and firearms offenses based on items seized during a search
of his apartment pursuant to a warrant. Relying on the

Fourth and Fourteenth Amendments to the United States Constitution and the common law of the Commonwealth, the defendant moved to suppress that evidence, relying on the fact that, before entering the apartment, the police failed, as the warrant required, to announce their presence. A District Court judge allowed the suppression motion. A single justice of this court granted the Commonwealth's application for leave to appeal, and we transferred the appeal here on our own motion. We shall vacate the order allowing the defendant's motion to suppress and direct that the motion be denied.

The search warrant authorized a search of the second-floor apartment of a building in the Roxbury section of Boston. The defendant's brother Rufus was one of two men identified in the warrant as an occupant of the apartment. The warrant permitted a nighttime search, but it required the police to knock and announce their presence before entering the premises. The Boston police detective who obtained the search warrant participated in its execution. On the way to execute the warrant, he encountered Rufus Wornum whom he knew, told him of the warrant to search his apartment, and asked him to go there with the police. Rufus Wornum, who was not in custody, agreed to accompany the police. Although Rufus Wornum did not consent to its use, either he or the police used his key to open the outer door of the apartment building. The judge did not resolve disputed testimony as to whether the apartment door was unlocked or the key was used. He considered it unimportant because the police did not knock or otherwise give a warning before they entered the apartment. It may reasonably be inferred that the police entered the apartment without causing any damage. The judge ruled that there was neither consent to the entry nor exigent circumstances justifying the failure to knock and announce. He concluded that there was a violation of the knock and announce rule requiring suppression of the evidence seized pursuant to the warrant.

The knock and announce rule, requiring that the police announce their presence and purpose, is a common law rule in

Massachusetts. *Commonwealth* v. *Cundriff*, 382 Mass. 137, 146 (1980), cert. denied, 451 U.S. 973 (1981). The policies underlying it are (1) to decrease the potential for violence, (2) to protect privacy, and (3) to prevent unnecessary damage to homes. *Id.* Suppression of evidence seized following a violation of the knock and announce rule is not automatic. *Commonwealth* v. *Gomes*, 408 Mass. 43, 46 (1990). If the policies underlying the rule are substantially fulfilled in the circumstances in which the police enter premises to be searched, evidence seized pursuant to a valid search warrant need not be suppressed, even if, as here, the police did not knock and announce their presence as they should have. In such a situation, the need to deter future police violations of the rule by suppression of the evidence is not substantial, particularly when the entry is not violent.

In the special circumstances of this case, the objectives of the rule were substantially achieved. Even before the police entered the apartment house, they had told a resident of the apartment that they had a warrant to search his apartment and that they were going to do so directly. It is significant that Rufus Wornum, who had been furnished with all the information that the knock and announce rule requires, accompanied the police to the apartment. Rufus's presence at the time of entry lowered any privacy interests jeopardized by the entry. The defendant's privacy interest protected by the knock and announce rule was a fleeting one, only that an announcement be given before entry, not that there be no entry. The announcement rule does not require that every occupant of the premises then present hear the announcement. The fact that the police entered the apartment without using physical force significantly reduced the potential for violence. The disclosure of the proposed entry pursuant to a warrant and the intended search to Rufus Wornum, who was present as the police entered the apartment, although not in compliance with the knock and announce rule, was sufficient to satisfy its objectives. See *Commonwealth* v. *Gomes*, *supra* at 46. Consequently, suppression of the evidence was not warranted.

Although there is no reason to suppress the evidence under our common law rule and the defendant makes no argument based on the State Constitution, we must consider the defendant's Fourth Amendment argument. Although the Fourth Amendment was mentioned in the motion to suppress, it is not clear that the defendant made any Fourth Amendment argument to the motion judge. The motion judge did not mention it. It is only recently, in light of the Supreme Court's opinion in *Wilson* v. *Arkansas*, 115 S. Ct. 1914 (1995), that it has become apparent that the knock and announce rule has a place in determining whether an unannounced entry pursuant to a warrant is unreasonable for Fourth Amendment purposes. *Id.* at 1918. For reasons that we have stated in declining to suppress the evidence under common law principles, we conclude that the entry in this case was not unreasonable for Fourth Amendment purposes so as to require suppression of the evidence. The fact that Rufus Wornum had the required knock and announce information as he stood outside the apartment, rather than inside it, does not make the entry unreasonable for Fourth Amendment purposes.

The order allowing defendant's motion to suppress is vacated. An order shall be entered in the trial court denying the defendant's motion to suppress.

*So ordered.*