COMMONWEALTH *vs.* NORMAN E. CHAUSSE. No. 90-P-1295. May 16, 1991. *Search and Seizure*, Forcible entry by police, Warrant. *Constitutional Law*, Search and seizure. *Controlled Substances*.

The defendant was convicted of drug trafficking after a short jury-waived trial. The drugs were found by the Barnstable police in the defendant's residence in the course of a search authorized by a "no-knock" warrant. On appeal, the defendant challenges the denial of his pretrial motion to suppress the drugs. The only issue presented is the sufficiency of a police officer's affidavit to justify the inclusion in the search warrant of authority to dispense with the requirements of the "knock and announce" rule. That rule, an important and long-standing feature of our common law, serves the purpose of "decreasing the potential for violence, protect[ing] . . . privacy, and prevent[ing] . . . unnecessary damage to homes." *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990), quoting from *Commonwealth* v. *Cundriff*, 382 Mass. 137, 146 (1980), cert. denied, 451 U.S. 973 (1981). See *Commonwealth* v. *Scalise*, 387 Mass. 413, 420 (1982). In this case the police battered their way into the defendant's residence (which he shared with two others) at night without forewarning; the policy considerations underlying the rule were directly implicated.

To obtain a "no knock" warrant, the police must include in their affidavit, in addition to a description of circumstances justifying an entry to search, some particular reason to enter in a forceful manner without prior warning. See *Commonwealth* v. *Gomes*, 408 Mass. at 45; *Commonwealth* v. *Scalise*, 387 Mass. at 421. There is adequate justification if it may reasonably be inferred from the affidavit that, should the occupants of the place to be searched be forewarned, there would be a threat to the safety of the police executing the warrant, see *Commonwealth* v. *Cundriff*, 382 Mass. at 147, the offenders would escape, or the evidence sought would be destroyed. The Commonwealth's contention in this case is limited to the claim that, with forewarning, destruction of the drugs was likely. See

*Commonwealth* v. *Scalise*, 387 Mass. at 421; *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 836 (1989). LaFave, Search and Seizure § 4.8(d) (2d ed. 1987).

There is no blanket exception to the requirements of the "knock and announce" rule where drugs are involved, even though they are by their very nature easy to dispose of quickly. See *Commonwealth* v. *Scalise*, 387 Mass. at 421. We proceed, therefore, to examine the particular portions of the affidavit on which the Commonwealth relies to show that the issuing magistrate was warranted in inferring that the occupants would attempt to destroy drugs on the premises if the requirements of the rule were dispensed with. The affidavit contained the following information. On the day of the search, a confidential informant, who had in the past purchased cocaine from the defendant and his girlfriend, made a controlled purchase from the defendant of cocaine contained in a clear plastic "baggie." The informant told the police that when he came to the door of the premises for which the search warrant was sought, he saw the defendant "cutting up" and weighing four or five ounces of cocaine. The same informant had purchased drugs from the defendant about ten days earlier at a prior address, and from the defendant and his girlfriend on other occasions. Approximately one week earlier, the defendant, his girlfriend, and another woman had moved from that prior address to the premises searched. At the time of the search, the defendant was actually living between both residences. Both the defendant and his girlfriend had been arrested previously for possession of drugs with intent to distribute, and the defendant had several drug cases pending at the time of the search. Drugs had been found at his former residence in the course of a search conducted by the Barnstable police within the previous six months.

The facts contained in the affidavit are less compelling than those in the affidavit involved in *Commonwealth* v. *Scalise*, 387 Mass. at 414-416. In the present case, the affidavit contains less evidence of a flourishing retail enterprise, reference to only one recent move and no indication of what prompted it, and no feature so unusual as the presence of a vicious dog. There is at least some indication of retail traffic, however, and evidence of very recent "cutting" of the drugs. The issuing magistrate could reasonably infer from those circumstances that the illicit drugs were being divided into small quantities and, therefore, "were easily disposable." *Commonwealth* v. *Scalise*, 387 Mass. at 422. The residential move, and the defendant's living between two residences, suggest, even without elaboration of his purposes, the furtiveness which might be expected of one who is continuing to sell drugs while several drug cases against him are pending, whose previous residence had been the site of a fruitful search for drugs, and who is probably aware that he is under police surveillance. Moreover, as many as three individuals occupied the dwelling, two of whom had previously sold drugs. The case is close. Taking all the relevant circumstances together, however, and considering the ease of destruction of drugs as a fac-

Rescript Opinions.

tor, see *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. at 836, we think the issuing magistrate could reasonably have inferred that, with advance warning, it was likely that an attempt would have been made to destroy the evidence. The motion to suppress, therefore, was properly denied.

*Judgment affirmed.*

*Andrew Silverman*, Committee for Public Counsel Services, for the defendant.

*Julia K. Vermynck*, Assistant District Attorney, for the Commonwealth.