COMMONWEALTH *vs.* ROBERT R. PRUNIER. No. 91-P-178. November 10,
1992. *Search and Seizure*, Forcible entry by police, Warrant. *Controlled
Substances.*

That drugs are the object of a proposed search is not alone a sufficient
ground for the issuance of a "no knock" search warrant. *Commonwealth* v.
*Scalise*, 387 Mass. 413, 421 (1982). *Commonwealth* v. *Gomes*, 408 Mass.
43, 45 (1990). *Commonwealth* v. *Chausse*, 30 Mass. App. Ct. 956, 957
(1991). Whether a no knock warrant was justified in this case was placed
squarely before a judge of the Superior Court on a motion to suppress
cocaine seized in a search of the defendant's apartment. The judge who
heard the motion recognized the case as a close one, but he concluded that
facts had been presented to the magistrate which made disposal of the
evidence particularly likely were the police to knock and announce their
purpose. We affirm.

The affidavit in support of the application for a search warrant stated
that the defendant Prunier had been arrested nine weeks earlier (on Au-
gust 9, 1988) and charged with possession of cocaine and marihuana with
intent to distribute. On that occasion, the police had seized five grams of
cocaine and approximately one ounce of marihuana. The same confidential
informer who had provided information leading to the earlier arrest of the
defendant reported to the police that he had just purchased an eight ball of
cocaine (3.5 grams) "from Bobby at 1041 Main Street [Worcester] . . . .
[T]here was [*sic*] several eight balls of cocaine and a large amount of cash
on the table and . . . Bobby was doing a real good business because it was
good coke." So the affidavit stated. The officer who made the affidavit
added that, on the basis of his experience, drugs were easily destroyed by
flushing them down the toilet, hence he requested a no knock warrant.

In denying the motion to suppress, the judge made the observation that
the defendant, because of his recent arrest, was aware that the police knew
him to be an experienced drug dealer. He must have been concerned about
the pending case. "He was handling customer-sized drug packages which
could easily and quickly be flushed down a drain," the judge remarked.

As in *Commonwealth* v. *Chausse*, 30 Mass. App. Ct. at 957, the defendant had been observed close to the time of search while engaged in retail trade, i.e., dealing with relatively small packages which were easily disposable. See *Commonwealth* v. *Scalise*, 387 Mass. at 422; *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 836 (1989). In view of the recent "bust" in the very same apartment, the magistrate could reasonably think that the defendant was prepared for quick disposal of his inventory should there be a knock on the door and announcement by the police.

In addition, the defendant argues that, at the time of the search, the circumstances did not justify forceful entry. As we observed in *Commonwealth* v. *Benlien, supra* at 837, "[w]here a no knock provision is justified by the situation anticipated in the submission to the magistrate, the carrying out of the procedure may yet be illegal if what is actually encountered turns out to be materially less exigent than the forecast." When the police apprehend swift destruction of the evidence, there may not be much that the authorities see as they approach the premises which mitigates that apprehension. Nothing here occurred which would have altered the concern of the police that the evidence would be destroyed.

The judge correctly denied the motion to suppress.

*Judgment affirmed.*

*James A. Couture* for the defendant.

*Michael Edmond Donnelly*, Assistant District Attorney, for the Commonwealth.