COMMONWEALTH vs. SANDY SUMERLIN.

Suffolk.   May 8, 1984. — October 10, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Search and Seizure,* Threshold police inquiry.

Where a police officer observed a person in the driver's seat of an automobile illegally parked in a "high crime area" and a second person entering the automobile while carrying a colored bag, the officer's actions in opening the right front passenger door, patting down the bag which was then between the second person's feet, and seizing from it a loaded automatic pistol constituted, in the circumstances, a reasonable protective search for weapons and did not violate that person's rights under the Fourth Amendment to the United States Constitution. [128-131]

INDICTMENT found and returned in the Superior Court Department on September 24, 1982.

A motion to suppress evidence was heard by *Richard S. Kelley,* J.

Following allowance of the Commonwealth's application for an interlocutory appeal in the Supreme Judicial Court for the county of Suffolk by *Nolan, J.,* the case was transferred by him to the Appeals Court.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Michael J. Traft,* Assistant District Attorney *(James M. Larkin,* Assistant District Attorney, with him) for the Commonwealth.

*Richard A. Cutter* for the defendant.

ABRAMS, J. The defendant was indicted by a grand jury for unlawfully carrying a pistol on his person. G. L. c. 140, §§ 129C, 131, 131F, 131G. After a hearing, a judge of the Superior Court allowed the defendant's motion to suppress as evidence the pistol seized by police. A single justice of this court allowed the Commonwealth's application for leave to take an interlocu-

tory appeal and transferred the case to the Appeals Court, which summarily affirmed the judge's order. *Commonwealth v. Sumerlin,* 17 Mass. App. Ct. 1108 (1983). We granted the Commonwealth's application for further appellate review. We reverse the order suppressing the evidence.

We summarize the judge's findings of fact. On October 17, 1981, two Boston police officers were patrolling Elmhill Avenue, Roxbury, in an unmarked cruiser. Based on prior police work, including investigations of shootings, the officers regarded this section of Boston as a high crime area. About 11:30 P.M., the officers observed a gray 1978 Lincoln Continental automobile parked on the wrong side of the street with its lights out and with its left wheels on the sidewalk. The officer driving the cruiser saw a person in the driver's seat with his head resting back on the top of the seat. The officer stopped the cruiser about thirty feet to the right rear of the automobile. The officer left the cruiser to investigate. As he approached the automobile, he observed the defendant walking in the street ahead of him. The defendant, who was carrying a colored bag, crossed the street diagonally and entered the right front passenger door of the vehicle. As he was getting in, the defendant looked at the approaching officer. The officer momentarily lost sight of the defendant when the door was closed.

The officer continued toward the automobile, opened the right front door, observed the defendant, and saw the colored bag on the floor between the defendant's feet. The officer seized the bag and, in so doing, felt the form of a gun. He then opened the bag and found a loaded automatic pistol.

The sole issue before us is whether the defendant's rights under the Fourth Amendment to the United States Constitution were violated by the police officer's seizure of a gun concealed in a bag inside the car into which the defendant had entered.[1]

---

[1] The defendant has not raised any State constitutional or statutory claims in this appeal, and therefore we shall address only the Federal constitutional claim. The Commonwealth concedes that the defendant has standing to raise the Fourth Amendment issues. See *Commonwealth v. Podgurski,* 386 Mass. 385, 391-392 (1982). The Commonwealth admits that the search was without a warrant. Thus, the burden of proof is on the Commonwealth

The question to be decided is whether the facts, as found by the judge,[2] rendered the officer's seizure of the bag "a reasonable search for weapons for the protection of the police officer." *Terry* v. *Ohio*, 392 U.S. 1, 27 (1968). *Michigan* v. *Long*, 463 U.S. 1032, 1046-1049 (1983).[3] We conclude that the officer's seizure of the gun was reasonable and, therefore, we reverse.

The United States Supreme Court has decided that "the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. . . . '[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' " *Michigan* v. *Long, supra* at 1049-1050, quoting *Terry* v. *Ohio, supra* at 21, 27.

We believe the circumstances justified the officer's actions. The officer had a duty to investigate an illegally parked automobile in a high crime area where shootings had occurred. The automobile was parked with its lights out on the wrong side of the street with its left wheels on the sidewalk. The person seated in the driver's seat had "his head resting back on top of the driver's seat." When the person seated on the driver's side was joined by the defendant, the officer, who had thirteen years of experience, was within ten yards of the automobile. He was approaching the automobile to investigate an obvious violation of the law. The officer had no more than a few seconds in which to assess the extent, if any, of the danger, and to ascertain the most effective and least intrusive

to establish the reasonableness of the search. See *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 57 (1974).

[2] We will accept the subsidiary findings of fact made by the judge, absent clear error. *Commonwealth* v. *Moon*, 380 Mass. 751, 755-756 (1980). We find no such error here.

[3] Here, the judge's ruling on the motion to suppress predated the Supreme Court's decision in *Michigan* v. *Long*.

means of protecting himself. The officer could reasonably have taken into account the "inordinate risk confronting an officer as he approaches a person seated in an automobile." *Pennsylvania* v. *Mimms,* 434 U.S. 106, 110 (1977). See *Adams* v. *Williams,* 407 U.S. 143, 148 n.3 (1972). "To all of these facts the officer [was] entitled to apply [his] police experience." *Commonwealth* v. *Silva,* 366 Mass. 402, 407 (1974).

"The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Id.* at 407-408, quoting *Terry* v. *Ohio, supra* at 29. In *Commonwealth* v. *Silva,* we noted that there were two parts to the inquiry in "stop and frisk" cases: "first, whether the initiation of the investigation by the police was permissible in the circumstances, and, second, whether the scope of the search was justified by the circumstances." 366 Mass. at 405. The first part of the test was clearly met here. The only question that remains is whether the search of the bag in the automobile exceeded the proper scope. As we said in *Silva,* "a *Terry* type of search may extend into the interior of an automobile so long as it is limited in scope to a protective end." *Id.* at 408. In this case, the officer limited the search to the bag which was within reach of the two men in the car and then opened it only when he felt the weapon inside. The officer's conduct comports with the standard articulated in *Michigan* v. *Long, supra,* and thus is not in violation of Federal constitutional standards.

The parties argue[4] the suspicious or nonsuspicious behavior of the defendant to support their positions on the appropriateness of the search. Even if the defendant had not walked to the car and entered it, the officer would still have had cause to

---

[4] The Commonwealth argues that the fact that the defendant disappeared from the officer's sight for a moment was a "furtive" movement justifying the officer's decision to make a threshold inquiry. The short answer is that the judge did not find any furtive movement on the part of the defendant. "The determination of the weight and credibility of the testimony is the function and responsibility of the judge who saw and heard the witnesses, and not of this court." *Commonwealth* v. *Moon,* 380 Mass. 751, 756 (1980).

investigate the automobile and its driver. The fact, therefore, that the defendant entered the automobile is relevant on the issue of the increased threat of danger to the officer because the automobile now had two occupants. The officer could consider all the circumstances. He was not limited solely to the defendant's conduct in entering the automobile. Thus, the defendant's reliance on *Commonwealth* v. *Loughlin,* 385 Mass. 60 (1982), to support his argument that his behavior was not suspicious enough to warrant a protective search, is misplaced. In *Loughlin,* "the police procedure, early on, was not merely for the protection of the officer during the questioning of the two men, but was clearly a search for evidence." *Id.* at 65 (Hennessey, C.J., concurring). Because we conclude that in this case the officer's decision to open the right front door of the automobile and pat down the colored bag for weapons was a reasonable, protective search, it is not violative of the Fourth Amendment to the United States Constitution.

We note that, in sharp contrast with cases in which we have held that police stops were not justified, and that subsequent searches were therefore unwarranted, see, e.g., *Commonwealth* v. *Thibeau,* 384 Mass. 762 (1981); *Commonwealth* v. *Bacon,* 381 Mass. 642 (1980), the instant case presents a situation in which the officer was under a duty to investigate the illegally parked automobile. There is no element here of a fishing expedition for evidence or of harassment of individuals whom the police subjectively found to be suspicious in appearance. Contrast *Kolender* v. *Lawson,* 461 U.S. 352, 360-361 (1983); *United States* v. *Magda,* 409 F. Supp. 734 (S.D.N.Y. 1976). The order of the judge suppressing the pistol as evidence is reversed. The case is remanded to the Superior Court for further proceedings.

*So ordered.*