COMMONWEALTH *vs.* RAFAEL FIGUEROA (and fifteen companion cases[1]). October 26, 1984. *Practice, Criminal,* Motion to suppress. *Search and Seizure,* Threshold police inquiry.

As a result of a warrantless search contraband was seized from an automobile in which the defendants were riding. After a hearing, a judge of a District Court allowed the defendants' motion to suppress the evidence. The Commonwealth has taken an appeal. Mass.R.Crim.P. 15(a)(2), 378 Mass. 882 (1979).

The determination of the weight and credibility of the testimony is the function and responsibility of the motion judge, and the subsidiary findings of fact made by him in support of the allowance of a motion to suppress "will be accepted by an appellate court absent clear error." *Commonwealth* v. *Jones,* 375 Mass. 349, 354 (1978). See *Commonwealth* v. *Moon,* 380 Mass. 751, 755-756 (1980). We find no such error here.

This case is controlled in all material respects by *Commonwealth* v. *Loughlin,* 385 Mass. 60, 62 (1982). See also *Commonwealth* v. *Ferrara,* 376 Mass. 502, 505 (1978). The defendants properly were stopped for speeding. The State trooper asked the driver for his license and registration. Both documents were produced, and found to be in order. The trooper then ordered the defendants (i.e., the driver and passenger) to "exit the motor vehicle."[2] Our analysis may stop here,[3] as the judge found "[t]hat actions of [the driver], in producing the license and registration were appropriate

---

[1] Six of the companion cases are against Figueroa and nine are against David P. Lawrence.

[2] We merely add for the sake of completeness that after the defendants were ordered out of the vehicle, the trooper " 'patfrisked' each man and found nothing."

[3] Arguably, "[t]he sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Commonwealth* v. *Silva,* 366 Mass. 402, 407-408 (1974), quoting from *Terry* v. *Ohio,* 392 U.S. 1, 29 (1968). Deciding the case as we do, we need only state that the judge did not find the circumstances warranted a protective search, nor do we believe that such a finding was required by the evidence.

under the circumstances and that he did nothing to cause [the trooper] to be alarmed."[4] That finding has sufficient support in the evidence.

The motion judge warrantably could have concluded that "the police procedure, early on, was not merely for the protection of the officer during the questioning of the two men, but was clearly a search for evidence." *Commonwealth* v. *Loughlin,* 385 Mass. at 65 (Hennessey, C.J., concurring). As in *Loughlin* and *Ferrara,* after verification of the driver's license and registration, "no reason appears why [the defendants] should not have been permitted to continue on their way." *Commonwealth* v. *Loughlin,* 385 Mass. at 62, quoting from *Commonwealth* v. *Ferrara,* 376 Mass. at 505. In light of what we already have said, we add that likewise "the record [here] suggests no purpose in ordering [the] occupants out of the car other than . . . to make an illegal search." *Commonwealth* v. *Ferrara,* 376 Mass. at 505.

The case is unlike the recent Supreme Judicial Court decision in *Commonwealth* v. *Sumerlin,* 393 Mass. 127, 131 (1984), where. the court concluded that "the officer's decision to open the right front door of the automobile and pat down the colored bag for weapons was a reasonable, *protective* search" (emphasis supplied). This case does not involve, nor did the judge find, circumstances which would have warranted a protective search. Neither from the findings nor from the evidence can it fairly be concluded that the trooper possessed a reasonable belief which "reasonably warrant[ed] the officer in believing that the suspect [was] dangerous and . . . [might] gain immediate control of weapons." *Commonwealth* v. *Sumerlin,* 393 Mass. at 129. Compare *Commonwealth* v. *Silva,* 366 Mass. 402, 410 (1974) (clearly a search for evidence rather than a protective search for weapons), with *Commonwealth* v. *Almeida,* 373 Mass. 266, 272 (1977) (search must be confined to the area from which the suspect might gain possession of a weapon).

*Order allowing motion to*
*suppress affirmed.*

*Bradford S. Mauro,* Assistant District Attorney, for the Commonwealth.
*Lucille Ponte* for David P. Lawrence.
*Kenneth M. John* for Rafael Figueroa.

---

[4] In light of this finding, the observation of the trooper (as so found by the motion judge) that the actions of the codefendant passenger prior to the stop and during the course of the initial inquiry were somewhat suspicious ceases to have any further relevance, and is, thus, of no avail to the Commonwealth. See *Commonwealth* v. *Loughlin,* 385 Mass. at 61-62. It is apparent that the judge did not believe this aspect of the trooper's testimony.