COMMONWEALTH *vs.* ARMANDO LOPEZ
(and three companion cases[1]).

No. 91-P-121.

Worcester. September 19, 1991. - November 15, 1991.

Present: PERRETTA, KASS, & GILLERMAN, JJ.

*Controlled Substances. Probable Cause. Constitutional Law*, Search and
seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause,
Forcible entry by police. *Practice, Criminal*, Argument by prosecutor.

In a criminal case, a confidential informant, upon whose information the
police relied in an affidavit in support of the search warrant, was
demonstrated to be reliable and the defendant's motion to suppress evi-
dence was correctly denied. [548-549]

In a criminal case in which the defendant claimed there was no adequate
basis for the issuance of a "no-knock" search warrant, the facts that,
when the police arrived, the front door of the premises was wide open,
permitting a view of the defendants inside, and that the police entered
peaceably, announcing their presence, established that the police entry
threatened no principles underlying the knock and announce rule and
did not justify the application of the exclusionary rule for reasons of
deterrence. [549-550]

The evidence at a criminal trial was sufficient to warrant the jury in find-
ing the defendants guilty of trafficking in more than one hundred grams
of cocaine. [550-552]

At a criminal trial, no error appeared in the judge's instructions to the
jury. [552]

At a criminal trial, no substantial likelihood of a miscarriage of justice was
created by certain improper remarks of the prosecutor in closing argu-
ment that referred to speculative events not in evidence. [552-553]

INDICTMENTS found and returned in the Superior Court
Department, one on November 1, 1988, and three on No-
vember 17, 1988.

---

[1]One of the companion cases is against Lopez and two are against Pedro
Saname, who was tried and convicted along with Lopez.

A pretrial motion to suppress evidence was heard by *Herbert F. Travers, Jr.,* J., and the cases were tried before *William H. Welch,* J.

*Carol A. Donovan,* Committee for Public Counsel Services, for Pedro Saname.

*Andrew L. Mandell* for Armando Lopez.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. Each of the defendants was tried and convicted of trafficking in more than one hundred grams of cocaine, see G. L. c. 94C, § 32E(*b*)(2), as amended through St. 1983, c. 571, § 3, and unlawful possession of a controlled substance with intent to distribute, see G. L c. 94C, § 32A(*a*). The Commonwealth concedes that, if the convictions for trafficking are affirmed the indictments for possession should be dismissed as duplicative. See *Commonwealth* v. *Poole,* 29 Mass. App. Ct. 1003, 1003 n.1 (1990). The defendants have appealed, claiming error in the denial of a suppression motion, denial of a motion for a required finding of not guilty made at the close of the Commonwealth's case and at the close of all the evidence, and various errors in the conduct of the trial. We affirm the two judgments of conviction for trafficking and vacate the convictions for possession.

1. *The motion to suppress.*[2] On May 13, 1988, armed with a no-knock search warrant, a police officer for the city of Worcester, with several members of the vice squad directly behind him, saw a wide open front door to the apartment described in the warrant. Without knocking, the officer crossed the threshold into the apartment. The motion judge who heard, and denied, the subsequent suppression motion found that as he did so the officer announced, "Police officers, we have a search warrant, everyone stay where you are." Inside the kitchen area, just beyond the front entrance

---

[2]All the facts relating to the motion to suppress are taken from the judge's findings, which are based on the testimony of the police officer who led the entry into the apartment. There was no other testimony at the hearing, and we accept the judge's findings. See *Commonwealth* v. *Sumerlin,* 393 Mass. 127, 129 n.2 (1984), cert. denied, 469 U.S. 1193 (1985).

to the apartment, were three men, two of whom are the defendants in this case. All three men — one seated and two standing — were visible to the officer as he entered. There is no claim here that the confidential informant, upon whom the affidavit supporting the warrant relied, lacked a basis for his knowledge that there were drugs in the apartment; the claim is that the informant was unreliable and that there was no adequate basis for the issuance of a "no-knock" warrant by the magistrate.

Acceding to the admonition of the Supreme Judicial Court that the warrant affidavit should be construed in a common-sense manner and not hypertechnically, see *Commonwealth v. Perez-Baez*, 410 Mass. 43, 46 (1991), we note that the affidavit recites that in the past the informant provided information which, on three occasions, "led to" the seizure of large amounts of contraband (heroin, cocaine, cash, and a hand gun). Compare the affidavit found sufficient in *Perez-Baez*, *supra* at 45 n.2 (confidential information "leading to" the seizure of bags containing "white powder"). Since, in this case, it was the informant's information that on three prior occasions produced the contraband and, therefore, was proven to be correct, those facts, taken together with the three related arrests, are sufficient to satisfy the reliability test.[3] See *Commonwealth v. Lapine*, 410 Mass. 38, 41-42 (1991). Contrast *Commonwealth v. Mejia*, 29 Mass. App. Ct. 665, 667-670 (1991), *S.C.*, 411 Mass. 108 (1991).

We need not pause long to consider whether the no-knock provision was rightly included in the warrant. Assuming, arguendo, that it was not, exclusion is not automatic and there remains the question whether, on balance, the illegally seized evidence should be excluded. The interests to be considered are these: (i) "the degree to which the violation undermined the principles underlying the governing rule of law" and

---

[3]The judge relied in part on what he saw as the informant's admission against penal interest. That conclusion cannot be supported in the light of the later decision of the court in *Commonwealth v. Melendez*, 407 Mass. 53, 56 (1990), but we affirm on other grounds relied upon by the motion judge.

(ii) "the extent to which exclusion will tend to deter such violations from being repeated in the future. . . ." *Commonwealth* v. *Gomes*, 408 Mass. 43, 46 (1990). In respect of the first test, the underlying principles are decreasing the potential for violence, protecting privacy, and preventing unnecessary damage to homes. *Id.* at 45. Where, as in this case, the front door was wide open, permitting the unobstructed sight of the defendants gathered inside, and where, according to the finding of the judge, the police announced their presence, identified themselves, and cautioned those present not to move, all done as "the first officer crossed the threshold," none of the underlying principles was threatened or undermined, and the first test was satisfied.

In respect of the second test, here there was no "sledgehammer and announce," as in *Gomes*, *supra* at 46. Rather, there was a peaceful entry through an open door in the presence of the defendants. In *Commonwealth* v. *Osorno*, 30 Mass. App. Ct. 327, 331-332 (1991), we observed, citing numerous Federal and State cases, that such an entry is frequently permitted. At the very least such an entry is not so offensive that it must be deterred regardless of the circumstances. Reviewing the record in this case, we cannot say that in the circumstances presented here there was a violation of the second test.

2. *Motions for required finding of not guilty.* The evidence at the close of the Commonwealth's case — which had not deteriorated at the close of all the evidence[4] — was enough, as to both defendants on the charge of trafficking, "to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979).

The circumstances established by the evidence at the trial following the denial of the suppression motion, from which the jury could reasonably infer that both defendants were guilty of trafficking, were essentially these. The execution of the search warrant yielded $13,000 in cash concealed behind

[4]See *Commonwealth* v. *Doucette*, 408 Mass. 454, 462 (1990).

a baseboard in a wall between the kitchen and the bedroom; 18.72 grams in twenty-eight plastic bags concealed in the battery compartment of a cassette-radio; 15.88 grams divided between eight bags in a paper cup and seven bags in a metal bowl, all of which were in plain view in a kitchen cabinet; 89.25 grams, with 54.9% purity, concealed in the dropped ceiling, and in the same room a wallet was found on a television set with identification for the defendant Saname. Near the wallet and television set was a memo book with a price list for varying amounts of cocaine. Four packets of cocaine totaling 4.21 grams wrapped in a paper towel were found in the pants pocket of the defendant Saname; $350 in cash was found in the pants pocket of the defendant Lopez.

Both defendants told the booking officer at the police station (who testified at the trial) that they were from Union City, New Jersey, and each one said he was unemployed.

Further as to the defendant Lopez: when arrested, $200 of the $350 found in his possession were bills which had been paid over to a third person in the apartment earlier the same morning in a "controlled buy." Lopez was seen inside the apartment when that buy occurred and when the police executed the search warrant. The jury could reasonably infer from his admission of unemployment, his presence in an area containing large amounts of contraband (in excess of one hundred grams) and large amounts of cash (in excess of $13,000), and his demonstrated control of the cash taken by a third person in a controlled buy, either that he was in control of the operation — putting Lopez in actual or constructive possession of the entire stash[5] — or that he was a joint venturer. See *Commonwealth* v. *Costa*, 407 Mass. 216, 224-225 (1990); *Commonwealth* v. *Saez*, 21 Mass. App. Ct. 408, 410-411 (1986).

---

[5]See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409-410 (1989) (presence in an area where contraband is found, when supplemented by other incriminating evidence, may be sufficient to show the requisite knowledge, power, or intention to exercise control over, and thus constructive possession of, the contraband); *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), S.C., 410 Mass. 1005 (1991).

The proof against the defendant Saname was equally firm. Saname, too, was unemployed and was present inside the apartment, which contained large amounts of contraband and cash. When arrested, he was in flight from the apartment headed toward the rear door. See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 410 (1989); *Commonwealth* v. *Doucette*, 408 Mass. 454, 461 (1990). As indicated, when searched, he had in his pants pocket five bags, four of which had cocaine in the following amounts: .25 grams, .28 grams, .28 grams, and 3.4 grams — a total of 4.21 grams.[6] His wallet was on a television set in the same room in which the police found 89.25 grams of cocaine, and next to the wallet was a price list for cocaine.

These facts, in the aggregate, are sufficient for the jury to infer, "in light of common experience," see *Latimore*, 378 Mass. at 678, that Saname was in constructive possession of the entire stash in the apartment, either alone or jointly with Lopez, see *Commonwealth* v. *Brzezinski*, *supra* at 409-410; *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), S.C., 410 Mass. 1005 (1991), and cases cited, or he was a joint venturer with the two others in the apartment, see *Commonwealth* v. *Costa*, 407 Mass. at 224-225; *Commonwealth* v. *Saez*, 21 Mass. App. Ct. at 410.

3. *Instructions to the jury and the prosecutor's argument.* No objection was made to the judge's instructions to the jury, but on appeal both defendants claim that there was error in the judge's instruction on possession and that the error worked a substantial risk of a miscarriage of justice. On this point, the briefs of the defendant barely rise to the level of an appellate argument. In any event we have reviewed the entire instruction, and there was no error.

Finally the defendant Saname argues that the prosecutor, responding to the closing argument of Saname's counsel that the police had lied, argued that the police would be prosecuted for obstruction of justice if they did lie. Without doubt

---

[6] There was expert testimony that, as a rule of thumb, one gram was worth about one hundred dollars and that one-eighth of an ounce (3.5 grams) was an ordinary purchase.

31 Mass. App. Ct. 547     553

Commonwealth *v.* Lopez.

the prosecutor's argument referred to speculative events not in evidence and to that extent was not proper. *Commonwealth* v. *Good*, 409 Mass. 612, 623 (1991). Nevertheless, no objection was made, and there was no request for special instructions. We have reviewed the record and we perceive no substantial likelihood of a miscarriage of justice. See *id.* at 624-625.

The judgments on the indictments for trafficking (nos. 88-1895 and 88-1913) are affirmed. The judgments on the indictments for possession with intent to distribute (nos. 88-1897 and 88-1914) are reversed, and the verdicts are set aside. Those indictments are to be dismissed.

*So ordered.*