COMMONWEALTH *vs.* EDWARD V. DIPIETRO.

No. 92-P-1106.

Middlesex. October 15, 1993. - December 21, 1993.

Present: DREBEN. FINE. & GILLERMAN. JJ

*Practice, Criminal,* Plea, Assistance of counsel, New trial. *Constitutional Law,* Assistance of counsel, Search and seizure, Probable cause. *Search and Seizure,* Probable cause. *Probable Cause.*

In a cocaine trafficking case in which the defendant had pleaded guilty and then sought a new trial based on ineffective assistance of counsel, where the defendant did not demonstrate that he would have prevailed on a motion to suppress evidence, he could not show that he was prejudiced by counsel's alleged failure to have filed such a motion. [639-643]

The record of a criminal proceeding did not support the defendant's claim that his decision to plead guilty was involuntary because of erroneous advice given him by defense counsel with respect to eligibility for "good time" credits against the defendant's sentence. [643]

In a criminal defendant's appeal from the denial of his motion for a new trial based on alleged ineffective assistance of counsel, the defendant failed to demonstrate that his motion should have been allowed or that there was any material dispute of fact as to any substantial issue requiring an evidentiary hearing. [644]

INDICTMENT found and returned in the Superior Court Department on August 15, 1989.

A motion for a new trial, filed on January 8, 1992, was heard by *Peter M. Lauriat,* J.

*Harry D. Quick* for the defendant.

*Marian T. Ryan,* Assistant District Attorney, for the Commonwealth.

FINE, J. Following a thorough colloquy with the defendant on December 19, 1989, a judge accepted the defendant's plea to indictments alleging trafficking in cocaine in an amount over one hundred grams (G. L. c. 94C, § 32E[*b*]) and possession with intent to distribute marihuana (G. L. c. 94C,

§ 32C).[1] In January of 1992, the defendant filed a pro se motion for a new trial, claiming that he was ineffectively represented by counsel in various respects.[2] A judge, who was not the judge who had accepted the pleas, denied the motion without an evidentiary hearing and filed a memorandum of decision explaining his reasons. The defendant appeals from the order denying the motion. We affirm.

1. *Failure to file motion to suppress.* The defendant contends, first, that his guilty plea was not voluntary because he believed at the time that a motion to suppress the evidence seized at his residence had been filed and denied[3] but that counsel had not in fact filed such a motion, and, had the defendant known the true facts, he would not have pleaded guilty. He maintains that the search warrant was invalid and that counsel's failure to file a motion to suppress before the plea hearing deprived him of the effective assistance of counsel.

The defendant acknowledged during the plea colloquy that by pleading guilty he was waiving his right to challenge the search and also that he was satisfied with the representation and advice his attorney had provided. Nevertheless, the defendant's contention that his plea was not voluntary was not waived. See *Commonwealth* v. *Cepulonis*, 9 Mass. App. Ct. 302, 304 (1980); *United States* v. *Giardino*, 797 F.2d 30, 31

---

[1]Sentencing, which took place on March 2, 1990, was delayed because the defendant had offered to cooperate with the authorities. The negotiations were apparently not fruitful. On the trafficking indictment, the judge sentenced the defendant to a term of from eighteen to twenty years at Massachusetts Correctional Institution, Cedar Junction, twelve years of which was to be served. The judge stated that it was his intention that the defendant be parole eligible after about seven years. The other indictment was placed on file with the defendant's consent and is not before the court on appeal. *Commonwealth* v. *Frey*, 390 Mass. 245, 246 (1983).

[2]Accompanying the new trial motion was a memorandum of law and the defendant's affidavit. In his affidavit, the defendant acknowledged that present appellate counsel assisted in its preparation.

[3]On February 26, 1990, after the guilty plea was accepted, defense counsel filed, along with a motion for a new trial, a motion to suppress based upon a one-day discrepancy in the date of the issuance of the search warrant. The Federal magistrate filed an affidavit explaining that he incorrectly dated one of the duplicate original search warrants. The motion to suppress was denied. The defendant did not appeal from the denial of this motion. This appeal concerns the denial of his second motion for a new trial.

(1st Cir. 1986). It is undisputed that no motion to suppress had been filed before the defendant tendered his plea. The affidavits filed by the defendant and by his counsel are conflicting as to whether counsel told the defendant that a motion to suppress had been filed. If the defendant could demonstrate, at an evidentiary hearing, both that he pleaded guilty because his attorney had told him that a motion to suppress had been filed and denied and that counsel was ineffective in failing to file such a motion, he would be entitled to have the plea vacated. To show ineffectiveness in failing to challenge a search, however, ordinarily a defendant would have to demonstrate a likelihood that he would have prevailed on a motion to suppress the results of the search. See *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983); *Commonwealth* v. *Pena*, 31 Mass. App. Ct. 201, 205 (1991). Compare *Hill* v. *Lockhart*, 474 U.S. 52, 57 (1985). This court held in *Commonwealth* v. *Chetwynde*, 31 Mass. App. Ct. 8, 14 (1991), that where a defendant pleaded guilty after his attorney falsely represented to him that a motion to suppress a confession had been denied, the issue on the defendant's later motion to withdraw his plea was not whether he would likely have prevailed on the motion to suppress but "whether the defendant was so misled by counsel's alleged false representations that he prematurely waived his right to a jury trial." In that case, however, the motion to suppress would have raised factual issues, and there was at least some uncertainty as to its outcome. The reasoning in *Chetwynde* would not apply here where the alleged misrepresentation related to the filing and denial of a suppression motion based on an allegedly invalid search warrant, the outcome of which depended strictly on the law. The defendant's possible belief that a motion to suppress had been denied was irrelevant to his decision to plead guilty if such a motion would have been denied as matter of law. We therefore address the issue of the validity of the search warrant.

Where the affidavit accompanying an application for a search warrant relies on information supplied by a confidential informant to establish probable cause, art. 14 of the Declaration or Rights of the Massachusetts Constitution requires that the two-part test established by *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410

(1969), be satisfied.[4] This means that the information provided the magistrate must meet both the basis of knowledge test and the veracity test. If either (or both) of the tests is not satisfied, police corroboration of the information provided can support a finding of probable cause.

Although the issue in this case is close, we think the veracity test was met. Neither the general averment in the affidavit of James J. Burleigh, a nineteen-year veteran F.B.I. agent, that the informant had been reliable in the past, nor the assertion that information he provided had led to arrests and to court orders for surveillance, is, by itself, sufficient. See *Commonwealth* v. *Rojas*, 403 Mass. 483 (1988). There are additional statements, however, of a more substantial character. There are assertions that, within the previous ten

---

[4]In denying the defendant's motion for a new trial, the judge reasoned that, because the search warrant was issued by a Federal magistrate, and because the investigation was solely a Federal one until the execution of the warrant, it should be tested according to Federal standards rather than the stricter State standards. See *Commonwealth* v. *Upton*, 394 Mass. 363 (1985). The defendant contends that it would have been error to test the warrant according to the Federal standards.

The issue, whether Federal or State standards were applicable, was raised by the plea judge on his own motion before the plea was accepted, and he invited memoranda on the issue from counsel. The Commonwealth provided a memorandum. According to his affidavit, defense counsel believed that there was no basis for challenging the search. Thus, he provided neither a motion to suppress nor a memorandum of law. The plea judge indicated that he was inclined to apply Federal standards. Even if that judge would have entertained and denied a motion to suppress, however, the defendant would have had the right, after standing trial, to appeal from the judge's ruling on the motion to suppress.

The likely resolution of the Federal-State issue is not clear. It is disputed whether the entire investigation was Federal, and the Supreme Judicial Court has never decided whether the stricter State standard would apply to a Federal search warrant in a State court prosecution based upon a predominantly Federal investigation. Compare *Commonwealth* v. *Jarabek*, 384 Mass. 293 (1981). The resolution of the conflict would depend, we suppose, upon whether the court viewed the principal interest underlying the exclusionary rule as the deterrence of illegal police conduct, see *Commonwealth* v. *Gagnon*, 16 Mass. App. Ct. 110, 122 (1983), in which event application of a Federal standard would suffice, or as "judicial integrity" and the protection of privacy, see *Selectmen of Framingham* v. *Municipal Ct. of Boston*, 373 Mass. 783, 787 (1977), in which event application of the stricter rules would be called for. We need not resolve the issue in this case because, in our view, the search warrant satisfies the stricter State standard.

years, the informant "provided information to the Boston office of the FBI which resulted in the apprehension of a fugitive in connection with a crime of violence," and that he "provided information to the FBI which resulted in the seizure of counterfeit bonds and the arrest of the seller of the bonds." And, further, there is a statement that, within the previous five years, he "provided information to the Drug Enforcement Administration which led to the arrest of a DEA fugitive."

But for the possible staleness problem, the informant's trustworthiness is adequately demonstrated by the information he provided to authorities concerning the whereabouts of fugitives and the location of contraband. *Commonwealth v. Perez-Baez*, 410 Mass. 43, 45 n.2, 46 (1991). *Commonwealth v. Lopez*, 31 Mass. App. Ct. 547, 549 (1991). In our view, the references in the affidavit to the lengthy time period over which the information was provided are not fatal to a determination of the informant's veracity. Staleness is a problem when observations forming an informant's basis of knowledge can not be pinned down to a date reasonably close to the date of the affidavit. Passage of time, however, does not usually erode one's truth-telling propensities. In several cases, references to information provided "in the past" have been regarded as sufficient. See *Commonwealth v. Perez-Baez, supra; Commonwealth v. Lopez, supra.* Thus, we do not think that a staleness problem prevented a finding that the informant was reliable.

As to the basis of knowledge test, in paragraph three of the affidavit, it is recited: "Yesterday, on May 9, 1989, [the informant] informed me that [he] had observed numerous kilograms of cocaine at the [defendant's residence]." An informant's observation of contraband in the place to be searched satisfies the basis of knowledge test. See *Commonwealth v. Amral*, 407 Mass. 511, 514-515 (1990). The affidavit does not directly disclose when the observations took place. However, it recites, in the two sentences following the one quoted above: "[the informant] has been told that the cocaine is awaiting sale to customers[, and the informant] has received additional information indicating that within the last 48 hours [the defendant] has made sales of kilograms of cocaine from the supply at [the defendant's residence]." The three sentences, read together, indicate that the informant's

observations of the cocaine were made on or shortly before May 9.

As there was little chance that the defendant would have prevailed in the trial court or, ultimately, on appeal, on a motion to suppress, he cannot demonstrate that he was prejudiced by counsel's failure to file such a motion. *Hill* v. *Lockhart*, 474 U.S. at 58-59. *United States* v. *Debango*, 780 F.2d 81, 85 (D.C. Cir. 1986). Thus, even if the defendant had proved after an evidentiary hearing that his attorney had told him, falsely, that he had filed such a motion, he could not show that counsel's failure had any material effect on his decision to plead guilty.

2. *Incorrect advice as to effects of amendment.* There is no dispute that defense counsel incorrectly informed the defendant that, if he were to plead guilty or be convicted after January 15, 1990, the effective date of Chapter 415 of the Acts of 1989, he would not be eligible to receive good time credits. There is no merit, however, to the defendant's claim that his pleas were involuntary because, when he decided to change his plea to guilty on December 19, 1989, he relied on this incorrect advice. A trial had been scheduled for that date, and there is no indication that the plea judge would have granted a continuance. The defendant must have known, therefore, that he would go to trial on December 19, 1989, and his only choice on that date was between pleading guilty and standing trial. The matter would have been concluded, in either event, before the effective date of the amendment. It is not plausible, therefore, to consider that his decision to plead guilty was affected by his misunderstanding of the new law.[5]

---

[5]The defendant also made statements in his affidavit to the effect that his attorney had told him before his plea that he would lose his good time credits if he went to trial no matter when the trial took place. In his memorandum of decision, the motion judge did not discuss those statements in the defendant's affidavit. It is unlikely that counsel would have given the defendant such advice, and the motion judge was entitled to regard the defendant's statements as lacking in credibility. See *Commonwealth* v. *Thomas*, 399 Mass. 165, 167 (1987). In any event, we do not consider those statements because the defendant does not rely on them on appeal. To the contrary, he states in his brief that he "believed that if his sentence would have been imposed after the January 15, 1990, deadline, the statute . . . would . . . lengthen the term of his sentence."

3. *Failure to file pretrial motions and lack of prepared-ness for trial.* In a brief "catch-all" argument on appeal, the defendant claims broadly that counsel failed to file appropriate pretrial motions and to investigate properly the entire case. The motion judge, apparently not deeming the contentions worthy of mention, did not address them. The defendant has not made an adequate showing as to how any inaction on counsel's part deprived him of an "otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).[6]

At the plea colloquy, the defendant represented that plea counsel had acted in his best interests and fairly represented him. Moreover, in his affidavit, counsel recited that he met with the defendant in September and October (of 1989), and "discussed in detail the evidence and charges in the case against him." The motion judge was entitled to credit that affidavit. See *Commonwealth* v. *Thomas,* 399 Mass. 165, 167 (1987). The defendant indicated during the colloquy that he was pleading guilty because he was guilty. The plea judge made a "conspicuous effort to make sure that the defendant understood what was at stake and was acting voluntarily." *Commonwealth* v. *Jiminez,* 27 Mass. App. Ct. 1165, 1166 (1989).

In sum, the defendant failed to show that his motion for a new trial should have been allowed or that there was a material dispute of fact as to any substantial issue requiring an evidentiary hearing. See Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979). Contrast *Commonwealth* v. *Licata,* 412 Mass. 654, 661 (1992).

> *Order denying motion for new trial affirmed.*

---

[6]At the plea hearing, the assistant district attorney recited the factual basis for the pleas. The facts, admitted by the defendant, were straightforward. The defendant's home was searched on May 10, 1989. The defendant was at home alone at the time. One hundred ninety-four and seven-tenths grams of seventy-four percent pure cocaine were found in a plastic bag in a kitchen cabinet, and ninety-four grams of marihuana were discovered in another plastic bag in a closet. Paraphernalia common to the drug trade were also discovered, along with papers and records bearing the defendant's name.