USCA1 Opinion

 

 October 31, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1422  EDWARD DIPIETRO, Petitioner, Appellant, v. WILLIAM COALTER, Respondent, Appellee. ____________________ ERRATA SHEET The opinion of this court issued on October 23, 1995 is amended as follows: On cover sheet, change "[Hon. Morris E. Lasker, U.S. District _____________ Judge]" to "[Hon. Morris E. Lasker,* Senior U.S. District Judge]. _____ __________________________ *Senior U.S. District Judge, of the District of New York, Southern District, sitting by designation." October 23, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1422  EDWARD DIPIETRO, Petitioner, Appellant, v. WILLIAM COALTER, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Morris E. Lasker, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ William J. Brown, Jr., and Marasi, Franco & Brown on brief for ______________________ _______________________ appellant. Scott Harshbarger, Attorney General, Margaret C. Parks, Assistant __________________ _________________ Attorney General, and Gregory I. Massing, Assistant Attorney General, ___________________ on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner Edward DiPietro, a Massachusetts __________ inmate, appeals from the dismissal of his habeas petition as containing both exhausted and unexhausted claims. For the following reasons, we vacate and remand. I. On December 19, 1989, DiPietro pled guilty in Middlesex Superior Court to indictments charging him with trafficking in cocaine and possession of marijuana with intent to distribute it. He was sentenced on March 2, 1990 to a term of eighteen to twenty years imprisonment, with twelve years to serve. Approximately two years later, DiPietro filed a motion for new trial. This motion was denied, and DiPietro unsuccessfully appealed to the Massachusetts Appeals Court. See Commonwealth v. DiPietro, 624 N.E.2d 587 (Mass. App. Ct. ___ ____________ ________ 1993). On March 1, 1994, the Massachusetts Supreme Judicial Court (SJC) denied DiPietro's application for leave to obtain further appellate review (ALOFAR). See Commonwealth v. ___ ____________ DiPietro, 631 N.E.2d 58 (Mass. 1994).  ________ DiPietro then turned to federal court. On April 15, 1995, DiPietro filed a habeas petition under 28 U.S.C. 2254 alleging that he was denied effective assistance of counsel guaranteed by the Sixth Amendment because (a) trial counsel had misrepresented, prior to DiPietro's guilty plea, that a motion to suppress evidence had been filed and denied; (b) counsel had misinformed him that pending state legislation would deprive him of "good time" credits if he were convicted after January 15, 1990; and (c) counsel had failed to file appropriate pretrial motions and was generally unprepared. The Commonwealth moved to dismiss the petition on the ground that the latter two claims, although raised in the motion for new trial and before the Massachusetts Appeals Court, were not fairly presented in DiPietro's ALOFAR submitted to the SJC. The district court concluded that DiPietro had indeed failed to present these two claims adequately to the SJC and dismissed the petition under Rose v. Lundy, 455 U.S. 509, 510 ____ _____ (1982) (holding that a district court must dismiss a petition which contains any unexhausted claim).  II. Under 28 U.S.C. 2254, a federal habeas petitioner must first "exhaust[] the remedies available in the courts of the State." See 28 U.S.C. 2254(b). To do so, the applicant ___ must present the highest state court with a "fair opportunity" to confront and correct the alleged error. Mele ____ v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988). _____________________ In Mele, we mapped the contours of this requirement in the ____ context of prevailing Massachusetts appellate practice. The -4- petitioner in Mele had raised a federal constitutional claim ____ before the Massachusetts Appeals Court but did not mention the claim in his ALOFAR. We held that "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." Id. at 823.  ___ The instant case is distinguishable from Mele in at ____ least two respects. First, DiPietro did not entirely omit the claims at issue from his ALOFAR, but rather mentioned them in a footnote which purported to incorporate by reference arguments he made in his Massachusetts Appeals Court brief. Second, it is undisputed that after DiPietro filed his ALOFAR, the SJC requested from DiPietro, and received, a copy of the intermediate court briefs and record appendix. Nonetheless, the district court concluded that the question whether DiPietro fairly presented his second and third ineffective assistance claims in his ALOFAR must be resolved without reference to his intermediate court brief since no evidence exists that any justice of the SJC actually referred to the brief. The district court further concluded that these claims were not fairly presented within the ALOFAR itself.1   ____________________ 1. We agree with the district court that DiPietro's footnote presentation of his second and third claims, viewed in isolation from the Appeals Court brief, is inadequate to satisfy exhaustion concerns because it fails to identify the factual and legal bases of these claims. See Scarpa v. ___ ______ -5- We think that DiPietro did exhaust his second and third ineffective assistance claims. Under the SJC's practice as we understand it, the decision to grant or deny further appellate review ordinarily is made solely on the basis of the ALOFAR itself. Mele, 850 F.2d at 822 (citing Mass. R. ____ App. P. 27(e)). We have made it plain that we do not expect the SJC "to scour the whole of the record below for potential error beyond that called to the court's attention by the applicant." Id. Where, as here, however, the SJC departs ___ from its practice and requests to see papers previously filed, these papers are properly before it. DiPietro's ALOFAR did alert the SJC to his second and third claims, which were, in turn, adequately delineated in his intermediate court brief provided to the SJC. Cf. Scarpa, 38 ___ ______ F.3d at 6 (stating that where petitioner identified a federal basis for a claim in his motion for new trial, he provided a backdrop against which his later state court filings had to be viewed). Under the circumstances, we are persuaded that the SJC had a "fair opportunity" to address these claims. We add that the Commonwealth, having reconsidered its position below, now urges us to find exhaustion. Vacated and remanded. See Loc. R. 27.1. _____________________ ___  ____________________ Dubois, 38 F.3d 1, 6 (1st Cir. 1994), cert. denied, 115 S. ______ ____________ Ct. 940 (1995). -6-