Brassard, J.
The defendant, Jeriy Dicks, is charged by way of indictment with possession of a Class D substance with intent to distribute. The defendant now moves to suppress certain evidence recovered from his person on December 23, 1981. The Court conducted an evidentiary hearing as to this motion on February 3, 1997. The only witness called was a state police officer, Michael Phair.
FINDINGS OF FACT
Based upon all the credible evidence, I make the following findings of fact. On the evening of December 23, 1981, Officer Phair was on his way to work, shortly before 11:00 p.m. The officer was in a marked police cruiser and was alone. As he drove along Main Street in Melrose, a man signaled for the officer to stop. As the officer stopped, another car pulled over to the curb in front of the officer. When the officer got out of his vehicle, the man in the street told him that a man had been punching a woman on an intersecting street, and when the officer looked in that direction, he saw a man holding a woman. That man then ran away and the woman did also. The first man who had waved the officer to stop, also told the officer that both the man and the woman had been in the car now parked a short distance away from the officer. The officer approached that car, noticed that three people were in it, and saw one of the persons in the back seat make a gesture of putting something in the waist area of his pants. The officer was by himself, and was apprehensive about approaching a vehicle with three people in it. Nonetheless, the officer approached the car, opened the door and asked the defendant, the individual who made the gesture toward the waist of his pants, to get out of the car. As the defendant exited the car, the officer immediately reached into his pants and pulled out the evidence in question, a bag of marijuana. The officer then arrested the defendant.
The officer testified, credibly, that he was very concerned that what the defendant placed in his pants might have been a gun, and he was particularly apprehensive because there were three men in the car and the officer was by himself. After placing the defendant under arrest, the officer did a pat frisk of the defendant.
CONCLUSIONS
The defendant urges that the evidence should be suppressed because the officer did not have reasonable suspicion to conduct a threshold inquiiy of the occupants of the car. The defendant also urges that the officer should have conducted a pat frisk and confined that frisk to hard objects. The Commonwealth argues that a pat frisk of the groin area would be difficult, and that the actions of the officer here were no more intrusive than such a frisk would have been.
The officer had reasonable suspicion of criminal activity. The man in the street told the officer that an assault and battery had just taken place, and when the officer looked in that direction, the officer saw a man holding a woman, and then both persons fled. The officer was also advised that both persons had just left the nearby vehicle. As the officer approached the vehicle, the defendant made a furtive gesture altogether consistent with the concealment of a weapon. The officer “had no more than a few seconds in which to assess the extent, if any, of the danger, and to ascertain the most effective and least intrusive means of protecting himself.” Commonwealth v. Johnson, 413 Mass. 598, 601 (1992) quoting Commonwealth v. Sumerlin, 393 Mass. 127, 129-30 (1984) cert. denied, 469 U.S. 1193 (1985). Further, the officer did not conduct a “general exploratory search for whatever evidence of criminal activity he might find.” Commonwealth v. Johnson, 413 Mass. 598 at 601. Here, as in Johnson, the officer confined himself to determining only what it was that he had seen the defendant place in his pants. The search made by Officer Phair was a reasonable one. The officer was “not required to gamble with [his] personal safety.” Id. at 602, quoting Commonwealth v. Robbins, 407 Mass. 147, 152 (1990). See also Commonwealth v. Va Meng Joe, 40 Mass.App.Ct. 499, 509 (1996).
ORDER
The motion to suppress is DENIED.